## ELLIS v. WOODBURN.*

### No. 13,533; October 2, 1890.

#### 24 Pac. 893.

Attorneys—Contingent Fees—Evidence.—In an action for the recovery of attorney fees, the first count of the complaint was on a quantum meruit. The second count alleged that defendant promised to pay plaintiff an absolute fee of $500 for conducting certain litigation, and $1,000 in addition upon the contingency that plaintiff conducted said litigation successfully. The answer admitted that defendant promised to pay the absolute fee, but denied that he promised to pay any contingent fee. Held, that expert testimony was inadmissible to prove what would be a reasonable contingent fee, as the reasonableness of said fee was not in issue. The right to recover such fee depended entirely upon the proof of the alleged promise to pay it, and the performance by plaintiff of his part of the contract.

Attorneys — Contingent Fees — Instructions.— The court instructed the jury that it was admitted that plaintiff did render some service, and "if you do not find that there was an express contract, as stated by either plaintiff or defendant, the services being admitted, and it being admitted that plaintiff has been paid $500 for his services, if you are satisfied that plaintiff's services were worth more than the $500 you will render a verdict for plaintiff for any amount above $500 that you find such services to be worth, not exceeding the sum of $1,000." Held, that the testimony having been as to what would have been a reasonable contingent fee under all the circumstances, and as to what would be a reasonable attorney's fee, in the case, taking into consideration not only the services actually rendered, but others which the plaintiff agreed to render, and there being no evidence as to what the services actually rendered were worth, it was error to give the instruction.

Beatty, C. J., dissenting.

---

*For subsequent opinion in bank, see 89 Cal. 129, 26 Pac. 963.

APPEAL from Superior Court, El Dorado County; George E. Williams, Judge.

Blanchard & Swisler for appellant; Roger Johnson, Geo. H. Ingham, A. C. Ellis and B. Morgan for respondent.

VANCLIEF, C.—The plaintiff is an attorney at law, and brought this action to recover a balance of $1,000, alleged to be due him from the defendant for professional services. The case was tried by a jury, and the trial resulted in a verdict and judgment in favor of the plaintiff for $1,000. The defendant appeals from the judgment, and also from an order denying his motion for a new trial. The complaint consists of two counts for services rendered in defense of an action prosecuted by the Lake Valley Railroad Company, a corporation, against this defendant, to condemn a right of way over defendant's land, and in conducting negotiations for a compromise of that action. The first count is for the recovery of quantum meruit for such services, alleging them to have been reasonably worth $1,500, and that only $500 had been paid, and praying judgment for the balance of $1,000. The second count is for the recovery of a contingent fee of $1,000 in addition to the $500 admitted to have been paid upon an alleged express agreement between the plaintiff and defendant, to the effect that plaintiff was to defend the action to condemn defendant's land, and at the same time to assist defendant to compromise that action, by selling to the plaintiff therein the land over which the right of way was sought; and in case the compromise failed, and the defense should be unsuccessful, the plaintiff was to commence proceedings to forfeit the right of the railroad company to operate the proposed road, on the ground of nonuser, if that could be proved. For all these services the defendant was to pay the plaintiff $500 absolutely, and the further sum of $1,000, on the condition of success, either in negotiating a compromise by sale of the land, or in the defense of the action, or in procuring a judgment forfeiting the franchise of the railroad company. As a performance of this condition it is alleged that, by the advice and assistance of the plaintiff, a compromise of the action to condemn

the right of way was effected by a sale of defendant's land to the plaintiff in that action. It is admitted that defendant paid $500 before the commencement of this action, but it is alleged that he has refused to pay the contingent fee of $1,000, or any part thereof. The answer of the defendant admits his express promise to pay $500, for plaintiff's services in defending the action, and in assisting to negotiate a compromise by selling his land, etc., but denies that he agreed to pay $1,000, or any further sum, upon any condition or contingency whatever; and alleges, on the contrary, that plaintiff expressly agreed to accept $500 in full satisfaction for all his services in the defense of that action, and in assisting to negotiate a compromise thereof; and also denies that the agreement extended to services in any contemplated proceeding to forfeit the right of the Lake Valley Railroad Company to operate its road. It appears, and is admitted, that, on the day when the trial of the action to condemn defendant's land was about to be commenced, the case was compromised, through the advice and assistance of the plaintiff in this action, by a sale of the defendant's land to the plaintiff in that action, for a price ($36,500) which the defendant consented to take, and which was then paid. As to the existence and terms of the express agreement alleged in the second count of the complaint, the plaintiff and defendant were the only witnesses. The plaintiff testified positively to such a contract in all its details; and the defendant testified as positively to the express agreement alleged in his answer, and that there was no agreement or promise to pay any conditional or contingent fee in addition to the absolute fee of $500. It thus appears that each pleaded and testified to a special express agreement covering the whole subject matter of the services to be rendered, and the fees or compensation to be paid therefor; but as to the existence of that part of the agreement, as alleged in the complaint, providing for a contingent fee or any compensation in addition to the absolute fee of $500, their testimony was squarely and irreconcilably conflicting. If the testimony of either is wholly true, there could have been no implied contract as to the compensation to be paid for any part of the services rendered, and consequently no recovery upon the first count of the complaint, since, to justify

a verdict for the plaintiff on the first count, the jury must have found (1) that there was no valid express agreement as to what compensation should be paid for the services, or for some part thereof; and (2) that the value of the services actually rendered exceeded the sum of $500, which had been paid. On the trial of this case, M. P. Bennett, W. S. Wood, and Patrick Reddy were examined as expert witnesses for the plaintiff to prove what would be a reasonable contingent attorney's fee to be paid by defendant to plaintiff, in the action to condemn defendant's land, upon hypothetical statements of facts, embracing all the facts stated in the second count of the complaint, and some others, which were entirely irrelevant. Upon these hypothetical statements Mr. Reddy and Mr. Wood were asked what would be a reasonable contingent fee. To these questions, the attorneys for the defendant objected, on several grounds, among them, that the questions were irrelevant to any issue made by the pleadings. The court overruled the objections, and the witnesses answered, in substance, that, in addition to the absolute fee of $500, a contingent fee of $1,000 to $1,500 would have been a reasonable contingent fee.

1. The appellant's counsel insist that the court erred in overruling their objection to these questions. I think the objection should have been sustained, for, while there was an issue as to the value of the actual services alleged in the quantum meruit count, there was no issue as to the value or reasonableness of the conditional or contingent fee which is the subject of the second count. An obligation to pay a contingent fee is necessarily the creature of an express agreement, and is not implicated in the mere rendition of valuable services by request, as is the unconditional obligation to pay the reasonable value of such services. Nor does the amount of a contingent fee depend upon, or necessarily coincide with, the value of the services for which it is to be paid; nor in the absence of fraud upon its reasonableness. Whether or not the plaintiff was entitled to recover a contingent fee of $1,000 depended entirely upon proof of the express contract alleged in the second count, and performance of the express conditions of that contract, on his part. That the evidence objected to may have confused the jury to the prejudice of the defendant seems probable from the

fact that there was no evidence of the value of the distinct services actually rendered, considered in connection with the fourteenth instruction to the jury.

2. Counsel for appellant further contend that the court erred in giving to the jury the instruction numbered 14, of which the following is a copy: "It is admitted that plaintiff did render some service, and if you do not find that there was an express contract, as stated by either plaintiff or defendant, the services being admitted, also it is admitted that plaintiff has been paid $500 for his services. If you are satisfied that plaintiff's services were worth more than the $500, you will render a verdict for plaintiff for any amount above $500 that you find such services to be worth, not exceeding the sum of $1,000." I think this instruction erroneous for the reason that there was no evidence tending to prove that the services actually rendered "were worth more than $500," or any sum whatever. The testimony of Messrs. Wood and Reddy was expressly applicable to a contingent fee alone, in answer to the question, What would have been a reasonable contingent fee under the circumstances stated? And the circumstances stated in this hypothetical question included, not only the conditions upon which it was alleged, in the second count, that the contingent fee was to be paid, but others not alleged in either count. Messrs. Wood and Reddy expressed no opinion as to the distinct value of the services actually rendered. Mr. Bennett expressed the opinion that "$2,000 would be a reasonable attorney's fee in the case"; but this opinion is not based solely upon the services actually rendered, but partly upon the consideration of plaintiff's "agreement to follow the case throughout, into whatever court it might be taken, and his agreement to prosecute quo warranto proceedings for a forfeiture of the charter of the Lake Valley Railroad Company in case of a defeat in the condemnation case." Yet it appears that no services were rendered under these parts of the agreement. Mr. Bennett's opinion was evidently intended to be applicable to the second count alone; but, whether so intended or not, it is not applicable to the first count. Upon what evidence, under the fourteenth instruction, was the jury to become "satisfied that plaintiff's services [actually rendered] were worth more than $500,"

if not upon the irrelevant testimony of Messrs. Wood, Reddy and Bennett? The case seems to have gone to the jury in a tangled state; and, to say the least, it does not appear that the jury may not have been confused and misled to the prejudice of the defendant by the erroneous instruction given, and the irrelevant evidence admitted. I therefore think the judgment and order should be reversed and a new trial granted.

We concur: Gibson, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial granted.

I dissent: Beatty, C. J.