[No. 10,474.]

# EX PARTE FENNESSY.

54  101
f127 874

DISMISSAL OF INDICTMENT—HABEAS CORPUS.—An application of a prisoner for discharge under Penal Code, § 1382, on the ground that an indictment was not found against him at the next term of Court at which he was held to answer, must be made, in the first place, to the Court where the prosecution against him is pending.

APPLICATION for discharge on writ of *habeas corpus.*

The facts are stated in the opinion.

*Matthew F. Sullivan,* for Petitioner.

In bank, Ross, J. :

It appears from the record that William Fennessy, after examination before a magistrate of the City and County of San Francisco, was, on the 25th day of October, 1879, committed to the custody of the Sheriff, to answer the charge of robbery. At the time of the commitment, a grand jury was in session in and for said city and county, and so remained for the period of six days thereafter, but Fennessy's case was not examined by it. The next regular term of the County Court of the City and County of San Francisco commenced on the first Monday of November, 1879, and at that term no grand jury was impanneled; nor has one been impanneled at any time since, and no indictment has been or could have been presented against him.

It is claimed on behalf of the prisoner, that by reason of these facts he has been, and is, deprived of a speedy trial, to which he is entitled, and that in consequence of this he has a right to his discharge on *habeas corpus.*

It is a sufficient answer to this to say, that no application appears to have been made to the Court, in which the prosecution is pending, for its dismissal. Section 1382 of the Penal Code provides as follows:

"The court, unless good cause to the contrary is shown, must order the prosecution or indictment dismissed, in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found against him at the next term of the court at which he is held to answer;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court, in which the indictment is triable, after it is found."

It is manifest that the prisoner must first resort to the Court where the prosecution against him is pending. When he shall do so, that Court will determine whether "good cause" exists for his detention; otherwise, it will permit him to depart.

Writ dismissed, and prisoner remanded to the custody of the Sheriff.

Morrison, C. J., Myrick, J., McKinstry, J., McKee, J., and Sharpstein, J., concurred.