### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF CALIFORNIA.

[No. 20983.   Department Two.—October 10, 1893.]

## THE PEOPLE, Respondent, v. STEVE DOUGLASS, Appellant.

100   1
112  687
100   1
118  449
100   1
f130  7

APPEAL—PRESUMPTION AGAINST ERROR.—On appeal all intendments are in favor of the regularity of action of the trial court. Error will never be presumed, but must affirmatively appear.

ID.—CONTINUANCE OF CRIMINAL CAUSE—PRESUMPTION OF CONSENT.— When the record upon appeal does not show that a continuance of a criminal cause was objected to by the defendant it will be presumed in favor of the action of the court below that the defendant consented to the order.

ID.—FAILURE TO BRING DEFENDANT TO TRIAL WITHIN SIXTY DAYS—MOTION TO DISMISS—ERROR NOT APPEARING.—A judgment of conviction in a criminal proceeding will not be reversed upon appeal because of the failure of the prosecution to bring the defendant to trial within sixty days after the filing of the information, where the bill of exceptions is entirely silent as to the orders of the court postponing the trial and refusing to dismiss the prosecution, and there is nothing in the transcript upon appeal as to the orders, except the record entries made by the clerk of the trial court, which fail to show any objection by the defendant to the continuance, or that good cause for denying the motion to dismiss was not shown by the prosecution.

CRIMINAL LAW—EVIDENCE—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION — DEATH OF WITNESS — ADMISSION.—Where it is admitted, upon the trial of a defendant charged with the commission of a crime, that one of the witnesses, whose testimony was taken upon the preliminary examination, is dead, it is proper to read in evidence his testimony taken before the committing magistrate, which had been taken down in shorthand, transcribed, certified, and filed, as required by sec-

C. CAL.—1

tion 869 of the Penal Code; and an objection thereto upon the ground "that due diligence has not been shown to bring this witness before the court to obtain his evidence in the regular way" is properly overruled.

ID.—INSTRUCTIONS—COURT NOT BOUND TO REPEAT ITSELF—FAILURE TO INDORSE GROUND OF REFUSAL—HARMLESS ERROR—The trial court may refuse to give the jury an instruction asked for by the defendant in a criminal prosecution, which is given in substance in other instructions. The court is not bound to repeat itself, and its failure to indorse upon the refused instruction the ground of refusal is not prejudicial error for which the judgment can be reversed.

ID.—PRESUMPTION OF INNOCENCE.—The refusal of the court to instruct the jury that "where there are two presumptions, one in favor of innocence, and the other in favor of a criminal course, the one in favor of innocence must prevail" is not error. The only presumption in a criminal case is of the innocence of the defendant, until guilt is established beyond a reasonable doubt, and it is sufficient if the court has so charged the jury.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. T. Matlock,* and *A. B. Coffman,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

The COURT.—The defendant was convicted of the crime of grand larceny, charged to have been committed April 9, 1892, in Tehama county, by feloniously stealing, taking, and carrying away one cow, the property of H. C. Wilson.

The information was filed April 29, 1892, and on May 4th the defendant was arraigned, and pleaded not guilty to the charge. On May 9th, by order of court, the trial of the case was set for June 8th. On the last-named day, on motion of the district attorney, the trial was postponed to a day to be thereafter set. On July 2d counsel for defendant moved the court that he be discharged, on the ground that he had not been tried within sixty days after the filing of the information. The motion was denied, and an exception reserved. On August 27th the case was again set for trial on September 21st. At the time so set the trial was commenced, and on the next day concluded with a verdict of " guilty

of grand larceny as charged in the information." In due time the defendant moved for a new trial, which was denied, and thereupon judgment was pronounced that he be punished by imprisonment in the state prison for the term of three years. From this judgment and the order denying his motion for a new trial the defendant appeals.

1. Appellant contends that the judgment should be reversed, because under the provisions of section 1382 of the Penal Code, as construed in *People* v. *Morino*, 85 Cal. 515, he was, on July 2d, entitled to be discharged from further prosecution, and the court had no discretion or right to deny his motion of that date for a discharge.

This position is rested upon the theory that the court had no authority on June 8th to postpone the trial without the consent of the defendant, unless upon affidavit showing good cause therefor, and that no such consent was given or showing made.

The section of the code referred to is as follows: " The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases. . . . .

" 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information."

The bill of exceptions is entirely silent as to the orders postponing the trial and refusing to dismiss the prosecution, and there is nothing in the transcript in regard to those orders, except the record entries made by the clerk of the court below. These entries are as follows:

June 8, 1892. Court met. Title of case. Defendant and his counsel and the district attorney came into court. " The district attorney now states to the court that a material witness for the prosecution is sick and unable to attend, and the defendant refusing to permit the deposition of said witness taken before the com-

mitting magistrate to be read in evidence, on the motion of the district attorney it is ordered that this cause be continued to be hereafter set."

July 2, 1892. Court met. Title of case. "Defendant's counsel now moves the court that the defendant herein be discharged, on the ground that the said defendant has not been tried within sixty days after the filing of the information, which motion was denied by the court and excepted to by the defendant."

It will be observed that it does not appear from the first entry that the defendant objected to the continuance, or that it was not granted with his full and free consent. And the rule is that, in the absence of any showing as to what took place when the order was made, the appellate court will presume in support of the action of the court below that the defendant assented to the order. (*People* v. *Swafford*, 65 Cal. 223.) It will also be observed that it does not appear from the second entry that good cause for denying the motion was not shown.

Conceding then, as held in *People* v. *Morino*, 85 Cal. 515, that the burden was upon the prosecution to show good cause for holding the defendant without trial for a longer time than that named in the statute, and that in the absence of such showing the court had no discretion in the matter, but was imperatively required to grant the defendant's motion, still the rule is settled by decisions of this court, found in nearly every volume of our reports, that on appeal all intendments are in favor of the regularity of the action of the court below, and that error will never be presumed, but must affirmatively appear.

Under this rule it was incumbent upon the defendant, if he claimed error, to set out in his bill of exceptions the facts showing it. As he wholly failed to do this, his first contention cannot be sustained.

2. At the preliminary examination of defendant, one H. F. Wilson was examined as a witness, and his testimony was taken down by a shorthand reporter and

thereafter written out in longhand and certified and
filed by the reporter, as required by section 869 of the
Penal Code.   At the trial it was admitted that the said
H. F. Wilson was dead, and thereupon the district at-
torney offered to read in evidence his testimony taken
before the committing magistrate.   The defendant ob-
jected to the testimony being read, "upon the ground
that due diligence has not been shown to bring this wit-
ness before the court to obtain his evidence in the reg-
ular way."   The objection was overruled, and this
ruling is complained of as erroneous.   The testimony
was clearly admissible and the ruling proper.   (Penal
Code, sec. 686; *People* v. *Gannon,* 61 Cal. 476; *People* v.
*Oiler,* 66 Cal. 101.)

Several other objections were made to the admission
of evidence, but we see no material error in any of the
rulings.   If there was error it was trivial, and those
rulings may therefore be passed without special notice.

3. The next point is that the court erred in refusing
to give to the jury two instructions asked by defendant.
The instructions refused are in these words:

"The prosecution must establish the guilt of the
accused beyond a reasonable doubt, independent of any
hypothesis produced on the part of the defendant."

"A presumption is a deduction or conclusion which
the law expressly directs to be made from particular
facts; and where there are two presumptions, one in
favor of innocence and the other in favor of a criminal
course, the one in favor of innocence must prevail."

The law declared in the first instruction referred to
was clearly and fully stated in other instructions given
at the request of defendant, and it was not error, as has
been many times held by this court, to refuse to give
an instruction which had been already given in sub-
stance.   The court is not bound to repeat itself.

The instruction was simply indorsed "refused," with
the name of the judge, and it is further claimed that if
the refusal was because the instruction had already been
given in substance the ground of the refusal should

have been stated. It is true that such a rule was declared in some of the early cases decided by this court, but if a failure to comply with it was error, it was an immaterial one which could not prejudice the defendant and for which the judgment cannot be reversed. (*People* v. *Ramirez*, 56 Cal. 533; 38 Am. Rep. 73.)

There was no error in the refusal to give the second instruction referred to. There cannot be two presumptions in a criminal case. The accused is presumed to be innocent until his guilt is established beyond any reasonable doubt, and the court, in effect, so charged the jury.

4. Finally the point is made that if the defendant was guilty at all, he was guilty of embezzlement and not of larceny, and hence that the judgment should be reversed. This point cannot be sustained. There was evidence sufficient to justify the verdict, and it cannot be disturbed here on the ground named.

It follows that the judgment and order must be affirmed, and it is so ordered.

De Haven, J., concurring.—I concur in the judgment, and generally in the foregoing opinion. I wish to add, however, that even if it appeared that the court erred in not granting defendant's motion for a dismissal of the prosecution because of the failure to place him on trial within the time specified in section 1382 of the Penal Code, still, that would not be sufficient ground for a reversal of the judgment. A judgment should not be reversed for such an error, except in a case where, if the motion had been granted, the statute of limitations would have been a bar to a new information or indictment for the same offense. In other cases the remedy for a defendant whose motion for a dismissal has been improperly denied is an application for a writ of *habeas corpus* before judgment of conviction.