## PEOPLE v. BELL.

### No. 21,051; March 8, 1894.

#### 36 Pac. 94.

**Criminal Law—Record on Appeal—Continuances.**—Where the record fails to show that defendant objected to numerous continuances, a denial of motion to dismiss, made on the ground that he had not been brought to trial within the time required by the Penal Code, will be affirmed.

APPEAL from Superior Court, City and County of San Francisco; D. J. Murphy, Judge.

Sidney Bell appeals from a conviction of robbery. Affirmed.

Henley & McSherry for appellant; Attorney General Hart and Wm. S. Barnes, district attorney, for the people.

SEARLS, C.—Defendant was informed against for the crime of robbery, and upon a trial had was convicted, and

judgment of imprisonment in the state prison for a term of ten years was entered, from which judgment this appeal is prosecuted.

One point only is made by appellant as cause for reversal. The information was filed in the superior court in and for the city and county of San Francisco, February 11, 1891. On the thirteenth day of the same month and year the cause was assigned to department 12 of said court, where, on the four-teenth day of February, the defendant was arraigned and given until February 21st to plead, on which last-mentioned day, he having refused to plead, a plea of not guilty was, by order of the court, entered, and the cause continued until February 28th to be set for trial. On the day last mentioned the cause was by consent of parties set for trial on the thirtieth day of March, 1891. Between the date last mentioned and May 7, 1891, the cause was continued some fifteen times; sometimes on motion of defendant, sometimes by consent of parties, and at others the record simply shows the cause to have been continued, without specifying the cause therefor, or upon whose motion the same was granted. On May 7, 1891, there is an entry in the record as follows: "Off calendar." On August 15, 1892, the cause was again continued on motion of defendant to August 22d, and thereafter was continued to September 3d, when, on motion of defendant, it was set down for trial on the sixth day of September, 1892. It was again continued by consent of parties to September 14th, when it was again set for trial on the fifteenth day of Sep-tember, 1892. On that day, and before the trial commenced, defendant moved for a dismissal upon the ground that he had not been brought to trial within sixty days, as required by the Penal Code. The record fails to show that defendant ever at any time objected to any of the numerous continuances granted in the case. The case of People v. Douglass (decided by this court October 10, 1893), 100 Cal. 1, 34 Pac. 490, is in point, and conclusive against the contention of defendant here. In that case the court said: "It will be observed that it does not appear from the first entry that the defendant objected to the continuance, or that it was not granted with his full and free consent. And the rule is that, in the absence of any showing as to what took place when the order was made, the appellate court will presume, in support of the action of the

court below, that the defendant assented to the order : People v. Swafford, 65 Cal. 223,'' 3 Pac. 809.   It was further said, as it has been said in numerous other cases, ''that on appeal all intendments are in favor of the regularity of the action of the court below, and that error will never be presumed, but must affirmatively appear''; and that ''under this rule it was incumbent upon the defendant, if he claimed error, to set out in his bill of exceptions the facts showing it.''   There are other reasons which might be advanced in support of the propriety of the action of the court below, but the foregoing is deemed sufficient.   The judgment appealed from should be affirmed.

We concur : Haynes, C.; Belcher, C.

McFARLAND and FITZGERALD, JJ.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J.—I concur in the judgment, not only for the reasons stated in the foregoing opinion, but also upon the ground stated in my concurring opinion in People v. Douglass, 100 Cal. 1, 34 Pac. 490.