[Crim. No. 178. Second Appellate District.—November 19, 1910.]

THE PEOPLE, Respondent, v. R. B. HARRISON, Appellant.

CRIMINAL LAW—LEWD AND LASCIVIOUS ACTS WITH BOY—SUFFICIENT INFORMATION—CONJUNCTIVE PLEADING—SINGLE OFFENSE.—An information charging the defendant, in the language of the statute, conjunctively, with the offense of willfully and lewdly committing certain described lewd and lascivious acts upon and with the body and private parts and members of a boy named under fourteen years of age, with the intent to arouse the passions of the child and of the defendant, states but one offense. The commission of any or all of the acts described in, and with the intent stated by, the statute constitutes but one and the same crime or offense, and not different offenses. A demurrer to the information on the ground that more than one offense was charged in one count was properly overruled.

ID.—EVIDENCE—PREVIOUS ACTS OF SODOMY—RESULT OF AROUSED PASSIONS—INTENT AS TO OFFENSE CHARGED.—Evidence was admissible to show that, prior to the commission of the offense charged, acts of sodomy had been committed by the boy with the defendant, after the defendant had committed lascivious acts with the private mem-

14 Cal. App.—35

bers of the boy, which aroused his sexual passions, so that sodomy was the resulting act, and that these several acts in each case were connected and inseparable. Such evidence would tend to show what the purpose and intent of the defendant was on the occasion charged in the information, and was competent for that purpose.

Id.—Instructions as to Accomplice—Rule as to Young Boy.—The instructions as to an accomplice were correct in law as to an adult accomplice, but were more favorable to the defendant than he was entitled to, since the boy was thirteen years of age, and the instruction might well have contained the statement of section 26 of the Penal Code, providing that children under the age of fourteen are incapable of committing crimes, in the absence of clear proof that at the time of committing the act charged against them they knew of its wrongfulness.

Id.—Request Properly Refused—Matter of Fact—Difficult Proof of Charge.—An instruction asked by defendant, that charges like the one made against defendant were easy to make and hard to prove, was not an instruction as to matter of law required to be given by the court to the jury.

Id.—Immaterial Variance in Name—Idem Sonans.—Where the information charged that the improper acts were committed with a boy named "William Strandberg," and the proof showed that the boy's name was "William Elmer Standberg," the variance is not sufficient to vitiate the judgment. These names were so similar as to make the doctrine of *idem sonans* applicable.

Id.—Misconduct of Jury not Shown—Note to Jury Stating Death —Prejudice not Presumed.—The mere fact that while the jury were deliberating on their verdict a card was handed in stating "Aunt Sophia is dead," and that shortly thereafter they agreed upon their verdict, does not establish misconduct of the jury, where it was not shown from what source the card came, or for whom it was intended, or that it had any effect upon the minds of the jury or any of its members, or that it tended to induce an agreement upon the verdict. In the absence of such showing, no prejudice can be presumed to have resulted to defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George R. Davis, Judge.

The facts are stated in the opinion of the court.

J. C. Cross, Grant R. Bennett, George L. Greer, and J. H. Ryckman, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of having committed certain lewd and lascivious acts with a boy under the age of fourteen years in violation of the provisions of section 288, Penal Code. The judgment required that he be imprisoned in the state prison for a period of five years. An appeal is taken from that judgment, and also from an order of the trial court denying defendant's motion for a new trial.

On January 30, 1910, defendant, a man of mature years, accompanied by a boy named William E. Standberg, entered a dressing-room at the Bimini bathing establishment in the city of Los Angeles. A man occupying an apartment adjoining this dressing-room shortly thereafter chanced to look through an aperture between two boards of the intervening partition, and saw the boy engaged in the act of committing sodomy with the man. He called to an attendant, and together they went to the door of the room occupied by the man and boy. Upon demand being made by the bath-house attendant that the door be opened the door was opened, disclosing the man in a naked state and boy wearing only an undershirt. The physical condition of the boy in other respects indicated that the act observed by the first witness from the adjoining room had been completed. When called to testify at the trial, the boy Standberg, who was then thirteen years of age, told of the commission of a series of acts of sodomy between him and the defendant. According to the revolting tale narrated by him, at different times prior thereto he had been the active participant in the commission of this crime, and at other times the passive subject. He testified that upon the day when his relations with defendant were discovered at the bath-house, defendant had first touched with lascivious hand his (the witness') person and the private parts thereof, and had excited his (the boy's) passion. He further testified that upon previous occasions when he had committed similar acts with defendant, it had been the habit of defendant to first use him in a like manner as that last referred to, with the result that his passion would become excited. His whole story was one shocking in its fullness of description of repeated unnatural and disgusting acts committed between himself and the defendant, occurring from a date several months prior to January 30, 1910, and con-

tinuing down to the time of the arrest of defendant at the bath-house.

The information charging defendant with the crime was phrased in the language of the statute. Defendant demurred to it on the ground that two offenses were charged in one count. The demurrer was properly overruled. The commission of any or all of the acts described in, and with the intent stated by, the statute, constituted but one and the same crime or offense. That an information in such a case does not charge different offenses is thoroughly settled by the decisions. We cite: *People* v. *Gosset*, 93 Cal. 641, [29 Pac. 246]; *People* v. *Thompson*, 111 Cal. 242, [43 Pac. 748]; *People* v. *Gusti*, 113 Cal. 177, [45 Pac. 263].

Objection was made at the trial to the admission of evidence showing that at different times prior to the commission of the offense charged, acts of sodomy has been committed by the boy with the defendant. Defendant does not contend that proof of the commission of other and prior lascivious acts such as those charged to have been committed might not be competent and relevant, but he claims that the prosecution was allowed to show too much; i. e., that the proof should have stopped short of showing that sodomy, a different crime than that charged, had been committed on any of these prior occasions. The testimony of the boy Standberg was to the effect that upon each of the former occasions referred to, the defendant had first done lascivious things to and with the private members of witness' person, which aroused his sexual passion, and that sodomy was the resulting act. These several acts in each case were connected and inseparable. Moreover, as it was concededly competent for the prosecution to show that defendant had on prior occasions committed lascivious acts like those with which he was charged, with the complainant, it would seem also competent to permit it to be shown just what the effect of such conduct was upon the witness Standberg; that is, what he did with and to the defendant when moved by the feeling which defendant's previous acts had excited. Such proof would be very satisfactory as tending to show what the purpose and intent of defendant was on the occasion charged in the information. Mr. Wigmore, in his work on Evidence, at paragraph 398, referring to a general class of cases to which this one be-

longs, makes an observation very pertinent here, when he says: "The prior or subsequent existence of a sexual passion in A for B is relevant, . . . to show its existence at the time in issue. The circumstance that the prior or subsequent conduct exhibiting the passion is criminal does not alter the case nor affect the admissibility of the evidence." In so far as the record shows that the boy Standberg was permitted to testify to acts of sodomy committed by the defendant upon him at times when they were unaccompanied by other lascivious acts like those described in the information, no objection appears to have been made to his so testifying. And even though there had been such objection, the evidence was merely by way of showing the complete course of depraved conduct of defendant toward the boy, as evidencing the intent with which he committed the lascivious acts charged. For this purpose the proof was competent.

Instructions of the court defining who may be an accomplice, and charging the jury that the testimony of an accomplice requires corroborating proof to support it, were full and fair. The instruction asked by defendant to the effect that charges like the one made against defendant were easy to make and hard to disprove, was not an instruction upon a matter of law. Instructions defining an accomplice were even more favorable than the defendant was entitled to, in that they all dealt with the subject as though the claimed accomplice was an adult. The boy Standberg was a child of the age of thirteen years, and the instructions might well have contained a statement of the provisions of section 26 of the Penal Code, to the effect that children under the age of fourteen years, in the absence of clear proof that at the time of committing the act charged against them they knew of its wrongfulness, are incapable of committing crimes.

The further point is presented that while in the information it was stated that the improper acts were committed with one William Strandberg, the proof showed the boy's name to be William Elmer Standberg, and that this variance vitiates the judgment. These names were so similar as to make the doctrine of *idem sonans* applicable, and the variance was not such as to affect the validity of the judgment. (*People* v. *Smith,* 103 Cal. 567, [37 Pac. 516]; *People* v. *James,* 110

Cal. 158, [42 Pac. 479] ; *People* v. *Fick,* 89 Cal. 148, [26 Pac. 759] ; *People* v. *Clausen,* 120 Cal. 383, [52 Pac. 658].)

The jury sitting at the trial of defendant retired at the hour of 4 o'clock on June 16, 1910, to deliberate upon a verdict. At about 5 P. M. on the following day, when called into the courtroom, they announced that no agreement had been reached, and they were again returned to the jury-room. At 9:30 o'clock P. M. of the same day they reached an agreement and rendered their verdict. In an affidavit used at the hearing of his motion for a new trial, and in support of his claim that there had been misconduct on the part of the jury, defendant alleged that after the jury had been called into court on June 17th, according to his information and belief, "there was sent to said jury and delivered to said jury a certain writing, note or card, stating among other things, 'that Aunt Sophia is dead'; that within a short time after the receipt of said writing by said jury they agreed upon the verdict." It was not shown from what source the note or card came, or for whom it was intended, and in the absence of a showing that some improper effect was had upon the minds of the jury, or some of its members, which tended to induce an agreement upon the verdict, no prejudice can be presumed to have resulted to defendant. (*People* v. *Kramer,* 117 Cal. 648, [49 Pac. 842].)

Appellant presents no other points meriting serious consideration.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1911.