[Civ. No. 2348. Third Appellate District.—July 20, 1921.]

E. CORDTS, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

[1] CRIMINAL LAW—DISMISSAL OF INFORMATION—CONTINUANCE OF TRIAL BEYOND STATUTORY PERIOD.—A defendant is entitled to a dismissal of an information filed against him where his trial is continued without his consent to a date more than sixty days after the filing of the information and no good cause is shown for the continuance.

APPLICATION for a Writ of Mandate to compel the dismissal of an information. H. L. Preston, Judge. Granted.

The facts are stated in the opinion of the court.

Charles Kasch for Petitioner.

Hale McCowen for Respondents.

FINCH, P. J.—This is an application for a writ of mandate directed to the superior court of the county of Mendocino requiring the dismissal of an information for misdemeanor filed on the sixteenth day of February, 1921.

The petition alleges that the trial of the action was set for April 18th and prior to said date was continued to May 2d; that on May 2d both parties answered "ready";

that thereupon "a jury was impaneled, but just prior to being sworn, upon motion of the district attorney, based upon the absence of the witness Bailey," the court "discharged the jury and continued the matter for trial and refused to try the said matter; all against the objections and against the protests of your petitioner." It is further alleged that the said Bailey is a material witness for the prosecution; that he was subpoenaed to attend the trial on April 18th; that on the fifteenth day of April he went from his home in Eureka to attend the trial at Ukiah and was then informed by the district attorney of the continuance of the trial and that his attendance would be required on May 2d, whereupon the witness returned to Eureka; that the district attorney knew the street address of the witness in Eureka and on the twenty-seventh day of April wrote him that he would be required to attend the trial on May 2d, but that no subpoena or order of court was issued or served upon the witness to attend the court on May 2d; that no showing of any character was made by the district attorney in support of his motion for a continuance; that no continuance of the trial was had at the request of the defendant; that thereafter the defendant moved the court for a dismissal of the action on the ground that he had not been brought to trial within sixty days after the filing of the information and, upon the denial of said motion by the court, this application was made.

The district attorney filed a demurrer herein on behalf of respondents on the ground that the petition does not state facts sufficient to warrant the issuance of the writ. On June 13th the matter was submitted on briefs, the petitioner being given fifteen days to file his points and authorities and the respondents fifteen days after the filing of petitioner's brief within which to reply. Petitioner's brief was filed June 17th and the district attorney has offered nothing in reply and has made no request for permission to make a counter-showing herein. The fair inference is that no cause can be shown in opposition to the facts alleged in the petition.

The petition shows that there was good cause for the continuance of the trial to May 2d. From the facts stated in the petition it appears that no sufficient cause was shown for the discharge of the jury on May 2d and the further

continuance of the case. Section 1382 of the Penal Code provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed . . . if a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the . . . filing of the information."

[1] "The statute is imperative. . . . Here no cause for delay was shown. It was enough for defendant to show that the time fixed by the statute after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it." (*People* v. *Morino*, 85 Cal. 517, [24 Pac. 893]; *In re Begerow,* 133 Cal. 351, [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828]; *Matter of Ford,* 160 Cal. 334, [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757]; *Ford* v. *Superior Court,* 17 Cal. App. 1, [118 Pac. 98].) The right of petitioner to a dismissal of the action seems clear.

It is therefore ordered that a peremptory writ of mandate issue out of and under the seal of this court to the superior court of the county of Mendocino and to the Honorable H. L. Preston, Judge thereof, commanding and directing that the action herein referred to against petitioner be forthwith dismissed.

Burnett, J., and Hart, J., concurred.