[Crim. No. 922.  Second Appellate District, Division One.—January 18, 1923.]

THE PEOPLE, Respondent, v. L. L. MAGEE, Appellant.

[1] CRIMINAL LAW — CRIMINAL ASSAULT — TIME OF TRIAL — CONTINUANCES — CONSENT — APPEAL — PRESUMPTION. — Where a criminal prosecution for assault by means likely to produce great bodily injury is set down to be tried within sixty days after the filing of the information, and thereafter two continuances are ordered to dates beyond said period of sixty days, but the record on appeal fails to show any objection made by the defendant to either of the continuances, consent to the granting of such continuances will be presumed.

[2] ID. — PLEA — MOTION TO DISMISS — WAIVER OF OBJECTIONS. — A motion to dismiss one count of an information upon the ground that the defendant was not committed by a magistrate for the offense charged in that count, and upon the further ground that another count of the information states the same offense, though in different language, comes too late and is properly denied, where such motion is made after entry of plea of not guilty.

[3] ID.—EVIDENCE—PRIOR STATEMENT OF DEFENDANT—ERROR.—In this prosecution for assault by means likely to produce great bodily harm, it was error to permit a witness for the prosecution, over defendant's objection that the testimony was incompetent, irrele-

---

3. Evidence in criminal cases of threats of accused, or of person injured or killed, note, 17 L. R. A. 654.

vant, and immaterial in that the time was approximately a year before the offense charged, and that it was immaterial as to what he was going to do with the brass knuckles, to testify that on a given date he saw defendant have in his possession an article which he called "brass knuckles" and that defendant stated that "he had got one man with them and he would get others," it not having been shown that any controversy existed between defendant and the complaining witness or that the statement referred to the latter.

[4] ID. — POSSESSION OF KNUCKLES — WEIGHT AND ADMISSIBILITY OF EVIDENCE—LACK OF PREJUDICE.—In such prosecution, there was no error in admitting the evidence that defendant had such brass knuckles in his possession prior to the date of the offense charged, the remoteness in time merely affecting the weight of the evidence but not the admissibility; but in view of all the evidence in the case, which clearly showed the facts of the attack by defendant upon the complaining witness, the erroneous admission of the statement by the defendant that "he had got one man with them and he would get others" was not sufficient ground for reversal of the judgment.

[5] ID.—CONVERSATION BETWEEN JUROR AND COMPLAINING WITNESS.— The fact that one of the jurors, during the time while the case was on trial, and during the recess of the court, held some conversation with the complaining witness, was not sufficient to justify a reversal of the judgment, it having been shown that the conversation had no relation to the case, but only to trivial matters wholly unrelated to the case.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. I. Rosin and Harry J. Keeley for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CONREY, P. J.—In this action the information was filed on the tenth day of February, 1922, and the case brought to trial on the following 12th of July. The defendant was convicted of the crime of assault by means likely to produce great bodily injury, a felony, as charged in count II of

the information. He appeals from the judgment and from an order denying his motion for a new trial.

Section 1382 of the Penal Code provides that "the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." At the beginning of the trial appellant moved that the action be dismissed for the reason that the defendant was not brought to trial within the period prescribed by law, and that all the continuances of the case were made without the consent of the defendant. He now contends that the court erred in denying this motion.

From the clerk's transcript it appears that on February 17, 1922, the defendant entered his plea of not guilty, and the trial of the action was set for April 7, 1922. Thereafter, continuances were ordered as follows: On April 7, 1922, to May 2, 1922; on May 2, 1922, to July 12, 1922. The minutes show that each of these continuances was ordered "at the request of the district attorney." The clerk's transcript is silent as to the causes for these continuances. There is no other record of what actually occurred when the continuances were ordered, except that, in the discussion of the motion, as shown by the reporter's transcript, conflicting statements were made by the district attorney and by the defendant's attorney concerning the question whether the defendant did or did not consent to any continuance beyond the sixty-day period. Immediately prior to the pronouncing of judgment the defendant presented a motion in arrest of judgment, which was denied, and a motion for a new trial, which was also denied. These motions rested in part upon the ground that the court was without jurisdiction to try the defendant, for the reason that the defendant, not having waived his right to be brought to trial within the time prescribed by law, was not brought to trial within said time, "there being departments of this court, within the time prescribed by law in which the defendant had a right to be brought to trial, that were not engaged in trying criminal matters." During the discussion of the motion in arrest of judgment, as shown by the reporter's transcript, the

judge stated ''from his own knowledge and experience, that there were no other departments of the superior court engaged in the trial of criminal cases in which this defendant could have been tried,'' following this with a statement of conditions existing in three other departments of the court. ''The court now holds that every time this case was continued, there was a case of greater urgency then being tried by the court because it had equal priority, and in many instances the case actually having been continued from a day or two previous at the time of the case of People against Magee . . . being continued.''

[1] From the foregoing statement of facts it is seen that the case was set down to be tried at a date within sixty days after the filing of the information. Thereafter two continuances were ordered to dates beyond the expiration of the said period of sixty days. The record fails to show any objection made by the defendant to either of these continuances. Consent will therefore be presumed. (*People* v. *Rongo,* 169 Cal. 71 [145 Pac. 1017]; *People* v. *Douglass,* 100 Cal. 1, at p. 4 [34 Pac. 490].) On these authorities our conclusion is that the court did not err in refusing to dismiss the action.

[2] Following his motion for dismissal of the action on the twelfth day of July, as above stated, and the denial thereof, the defendant moved that count II of the information be dismissed for the reason that the defendant had not been committed by a magistrate for the offense charged in that count, and for the further reason that count II stated the same offense as that stated in count I, though in different language. He now claims that the court erred in denying that motion. The motion having been made after entry of the plea of not guilty, came too late and it was properly denied. (*People* v. *Ronsse,* 26 Cal. App. 100, 104 [146 Pac. 65]; Pen. Code, secs. 990, 996.)

The encounter between the defendant and the complaining witness John E. King took place in January of the year 1922. King testified that immediately after the defendant had struck him in the face, the witness saw on defendant's left hand a metal instrument called ''knuckles,'' having the color of babbitt, a kind of grayish, greenish color. [3] After this testimony had been given, John Mulligan, sworn as a witness, testified that in November or December,

1920, he saw the defendant have in possession an article which he called "brass knuckles," and that the defendant stated that "he had got one man with them and he would get others." The defendant objected to this testimony as incompetent, irrelevant and immaterial in that the time was approximately a year before the offense charged, and that it was immaterial as to what he was going to do with the brass knuckles. Appellant now contends that the court erred in overruling these objections. Inasmuch as it did not appear that at the time referred to by Mulligan there existed any controversy between the defendant and King, or that the statement referred to King, the objection to the evidence of the statement made by defendant to Mulligan should have been sustained. [4] But in view of all the evidence, which clearly shows the facts of the attack made by the defendant upon King, we think that the erroneous admission of this testimony is not sufficient ground for reversal of the judgment. There was no error in admitting the evidence that defendant had such an instrument in his possession prior to the date of the offense charged. The remoteness in time to which appellant refers, might affect the weight of the evidence, but not its admissibility. The several decisions referred to by counsel for appellant in support of this objection do not in any instance apply to the point stated.

Appellant suggests that the court erred in refusing certain instructions requested by the defendant. Since he has stated no reason for the suggestion, and cited no authorities upon any proposition connected therewith, the point is not so presented that it may now be considered.

[5] The fact that one of the jurors, during the time while the case was on trial, and during the recess of the court, held some conversation with the complaining witness, is not alone sufficient to justify a reversal of the judgment. Unquestionably the conduct of the juror was imprudent. But when the matter was brought to the attention of the court he testified that said conversation had no relation to this case. Said conversation related only to trivial matters wholly unrelated to this case. There is no evidence to the contrary.

The judgment and order are affirmed.

James, J., and Houser, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1923.

All the Justices present concurred.