[Crim. No. 1107. Second Appellate District, Division Two.—September 5, 1924.]

# THE PEOPLE, Respondent, v. R. E. LIND, Appellant.

[1] CRIMINAL LAW — TIME OF TRIAL — SECTION 1382, PENAL CODE — RIGHT PROTECTED BY—DISMISSAL.—The right protected by section 1382 of the Penal Code, relating to the dismissal of a prosecution of a defendant who is not brought to trial within sixty days after the filing of the information, is the right to the dismissal of criminal actions upon the ground that its provisions have been infringed, and an appellant in such a case cannot make a successful claim of error by the trial court merely because the court has not heeded an objection to the setting of the case for trial upon a date beyond the sixty days mentioned in the statute or to a continuance of the trial to such a date.

[2] ID.—SETTING OR CONTINUANCE OF TRIAL BEYOND STATUTORY TIME —EFFECT OF OBJECTIONS TO.—An objection to the setting of a criminal case for trial upon a date beyond the sixty-day period mentioned in section 1382 of the Penal Code or to a continuance of the trial to such a date performs at least two valuable offices. First, by calling the attention of the trial court to the facts upon which the objection is founded, it may serve to procure an earlier trial of the defendant and thus earlier end his durance or encompass his conviction. Second, the objection must be made as a forerunner to a motion to dismiss, for on appeal an order denying the motion will be affirmed if the record does not show that the objection was made; and upon a record barren of such a showing it will be presumed that the appellant consented to the setting or to the continuance.

[3] ID.—CONVICTION UNDER SECTION 288, PENAL CODE—SODOMY.—A conviction under section 288 of the Penal Code for the commission of lascivious acts upon children may be had, even though the acts in question precede and lead up to the perpetration of the crime of sodomy.

[4] ID.—VENUE—EVIDENCE.—Venue of a prosecution under section 288 of the Penal Code was established where the defendant's victim and another witness testified directly that the occurrences they related took place in the county of jurisdiction.

[5] ID.—EVIDENCE — INSTRUCTIONS — APPEAL.—In a prosecution for a violation of section 288 of the Penal Code, where several points

---

1. Right of accused to speedy trial, note, 85 **Am. St. Rep.** 187. See, also, 7 **Cal. Jur.** 926; 8 **Cal. Jur.** 201, 207; 8 **R. C. L.** 70.

3. See 16 **Cal. Jur.** 5.

5. See 8 **Cal. Jur.** 309, 500, 505; 2 **R. C. L.** 69, 90, 795.

are made concerning the admission and rejection of evidence under the express statement of appellant's counsel that no objections to support them were made in the trial court, and it is also said that the court erred in failing to give instructions to the jury upon certain questions of law, but it is admitted that no instructions upon those questions were requested, under such conditions there is no basis for the consideration of any of these points on appeal.

[6] ID.—PRESENTATION OF POINTS—APPEAL.—In such prosecution, points stated by appellant but which are not argued cannot be considered on appeal.

---

(1) 16 C. J., p. 442, sec. 798, p. 444, sec. 802 (Anno.). (2) 16 C. J., p. 443, sec. 800. (3) 31 C. J., p. 994, sec. 15. (4) 16 C. J., p. 767, sec. 1572. (5) 17 C. J., pp. 56, 58, sec. 3331, p. 66, sec. 3333. (6) 17 C. J., p. 212, sec. 3559.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. S. Hahn and Wm. H. Morse, Jr., for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendant was informed against for a violation of the provisions of section 288 of the Penal Code. He was convicted and he appeals from the judgment and from an order of the trial court denying his motion for a new trial.

[1] The first contention of appellant is that the trial court erred in granting continuances of his trial after the time fixed by section 1382 of the Penal Code had expired, without the consent of appellant. The portion of the section which is now of interest reads: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." It is to be

---

6. See 8 Cal. Jur. 546; 2 R. C. L. 178.

observed that there was no motion made for a dismissal of
the action, a procedure which seems to be the object of the
letter of the statute. Upon the state of the record before
us, which we do not take the time nor the space to recite,
we are confronted with the question whether, departing from
the strict language of the section, its provisions make it
reversible error for a trial court to continue the trial of a
case beyond or after the expiration of the sixty-day period
mentioned in it. The exact point has never been decided,
but the courts have passed upon questions which bear some
relation to it. A writ of *habeas corpus* will not issue upon
the ground that a defendant in a criminal case has not been
brought to trial within sixty days after information filed or
indictment found unless it shall appear that he has moved
for a dismissal in the court in which the prosecution is pend-
ing (*Ex parte Fennessy,* 54 Cal. 101) ; or, as one case has
it, he must object "to going to trial on the ground that
jurisdiction in the trial court to try him had been lost by
reason of his not having been brought to trial within the sixty
days' limitation" (*In re Todd,* 44 Cal. App. 496 [186 Pac.
790]) ; or, again, he must have made objection in the trial
court "to the actual trial proceedings" (*Ex parte Shackel-
ford,* 64 Cal. App. 78 [220 Pac. 430]). It appears from
these authorities that a mere objection to continuance beyond
or after the sixty-day period will not suffice as a basis for
a petition for the writ, and in one case in which such an
objection was made the writ was denied on the ground that
a motion to dismiss which was also made was too late, it
having been presented after a jury had been impaneled and
the trial had commenced (*Ex parte Apakean,* 63 Cal. App.
438, 218 Pac. 767). In a case in which, apparently, no
objection was made at the time the action was set for trial
upon a date beyond the sixty-day period, and no motion for
a dismissal was presented until after a jury had been im-
paneled to try the cause, the supreme court said: "There is
no duty incumbent on the court to order dismissal under said
section 1382 unless the defendant demands it (*Ex parte
Fennessy,* 54 Cal. 101) ; so that the right, like other statu-
tory privileges of the accused which do not affect the juris-
diction of the court, may be waived" (*People* v. *Hawkins,*
127 Cal. 372 [59 Pac. 697]). The court then said that the

right to move for a dismissal had been waived for the reason that "the legal jeopardy of the defendant has attached when a jury has been 'charged with his deliverance,' and the jury stands thus charged when its members have been impaneled and sworn." The supreme court, speaking again in a case in which there appears to have been no objection made at the time when it was set for trial and in which there was no motion to dismiss, said: "But there is no showing anywhere that the relief afforded by subdivision 2 of section 1382, of the Penal Code, was sought in the superior court. The application must be made, in the first place, in the court where the prosecution is pending (*Ex parte Fennessy*, 54 Cal. 101), and, if the application is not made therein before the trial is begun, the right is waived (*People* v. *Hawkins*, 127 Cal. 372, 374, 59 Pac. 697)." (*People* v. *Newell*, 192 Cal. 659 [221 Pac. 622].) While there was apparently no objection made in these two cases at the time they were continued or set for trial, yet the language of the opinions indicates the view that a right to move for a dismissal is the sole right protected by section 1382. This remark is particularly justified when it is observed that both the opinions, rendered on appeal, in their reference to *Ex parte Fennessy*, adopt the rule of the *habeas corpus* cases to which we have above made reference. This circumstance is distinctly worthy of note when it is remembered that the opinions on *habeas corpus* proceed upon the theory that a petitioner for the writ is not aided by the fact that he has objected to a continuance beyond, or to the setting of his cause for trial upon a date beyond, the sixty days mentioned in the code. In addition to what is decided in all the cases we have cited, it is to be observed that it has been almost the universal practice to lay the foundation for the presentation of questions under section 1382 on appeal by moving to dismiss at the time of trial and before a jury is impaneled. (See *People* v. *Morino*, 85 Cal. 515 [24 Pac. 892]; *People* v. *Douglass*, 100 Cal. 1 [34 Pac. 490]; *People* v. *Vasalo*, 120 Cal. 168 [52 Pac. 305]; *People* v. *Benc*, 130 Cal. 159 [62 Pac. 404]; *People* v. *Moran*, 144 Cal. 48 [77 Pac. 777]; *People* v. *Magee*, 60 Cal. App. 459 [213 Pac. 513].) In one instance the motion was made in the trial court as the basis upon which to petition to the appellate court for

a writ of mandate to require the dismissal (*Cordts* v. *Superior Court,* 53 Cal. App. 589 [200 Pac. 726]). From all these authorities, added to the face of the statute itself, we conclude that the right protected by section 1382 of the Penal Code is the right to the dismissal of criminal actions upon the ground that its provisions have been infringed, and that an appellant in such a case cannot make a successful claim of error by the trial court merely because the court has not heeded an objection to the setting of the case for trial upon a date beyond the sixty days mentioned in the statute or to a continuance of the trial to such a date. [2] Notwithstanding this view, however, an objection to such a setting or to such a continuance performs at least two valuable offices. First, by calling the attention of the trial court to the facts upon which the objection is founded, it may serve to procure an earlier trial of the defendant and thus earlier end his durance or encompass his conviction. Second, the objection must be made as a forerunner to a motion to dismiss, for it has been uniformly determined that on appeal an order denying the motion will be affirmed if the record does not show that the objection was made. Upon a record barren of such a showing it will be presumed that the appellant consented to the setting or to the continuance (*People* v. *Douglass, supra; People* v. *Magee, supra*).

[3] Section 288 of the Penal Code, under which appellant was convicted, reads, in part: "Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two [one]" (as authority for the substitution of "one" for "two," see *People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928]), "of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony. . . . "  A point made by appellant requires a statement of the provisions of section 286 of the same code: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than one nor more than ten years." This section and section 288 are in the same "part" of the Penal

Code, and appellant, relying upon the language of section 288 concerning acts constituting "other crimes" denounced in that "part," contends for a reversal of the judgment against him on the ground that the evidence in the cause, if proving any public offense at all, would justify a verdict of guilty under section 286 and therefore would justify none under section 288. The evidence is amply sufficient to support a conviction under section 286, it is true, but that may not be equivalent to saying that it does not also support one under section 288. The question here directly presented is whether, under the language of section 288, one who has committed acts amounting to crimes under other sections, such, for instance, as rape or sodomy, may be convicted for the commission of lascivious acts leading to the consummation of the final act denounced by such other sections. To put the question bluntly, where one has committed sodomy upon the person of a boy under fourteen years of age, may be punished for the fondling of the boy's person which has preceded the sodomitical climax, or are the preliminary acts merged in the final act so that he is to be punished for sodomy alone? There are several cases in the reports which touch somewhat upon this question. The opinion in *People* v. *Ah Lung,* 2 Cal. App. 278 [83 Pac. 296], bears the construction that one who commits acts preliminary to the crime of rape is guilty of an attempt to commit rape and not guilty of an offense under section 288. In that case the appellant had been convicted of an attempt to commit rape. He was charged with rape and the conviction resulted under section 1159 of the Penal Code, providing that "the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." The appellant contended that his conviction was improper because it was not charged that the rape was accomplished by force and violence and that there could be no "attempt" unless the rape charged were of that character. In disposing of the contention the court said that "every information charging a public offense includes an attempt to commit the crime charged. . . . The . . . enactment of section 288 of the Penal Code does not impair or affect the rule. Under this section, children, regardless of sex, are afforded protection from lewd

or lascivious acts, not 'constituting other crimes,' and this clearly excludes the offense of which the defendant stands convicted.'' In another case the defendant was adjudged guilty under an information charging him with an attempt to commit rape. The court said: ''Upon oral argument, it is urged that the crime proven was a violation of section 288 of the Penal Code, and not that charged in the information. With this we do not agree. The acts committed by defendant amounted to an attempt to commit rape, and section 288 has reference only to acts of a lascivious character which do not amount to a crime as defined by other sections of the Penal Code.'' (*People* v. *Davis,* 6 Cal. App. 299 [91 Pac. 810].) Facts identical in substance with those of the present case were before the court in a later action, *People* v. *Harrison,* 14 Cal. App. 545 [112 Pac. 733]. There, as here, the evidence showed that the crime of sodomy had been committed, but the defendant was convicted under section 288 for the commission of lascivious acts immediately preceding and leading up to the ultimate crime. The conviction was upheld, although the exact question now before us appears not to have been presented to the court. In yet another case (*People* v. *Love,* 29 Cal. App. 521 [157 Pac. 9]), in which the opinion was penned by the same hand which wrote that in *People* v. *Harrison, supra,* the court said: ''It is contended next that evidence was introduced tending to show that appellant committed acts of sodomy with the prosecuting witness, which would not be included within the acts described by section 288,'' the appellant having been convicted under that enactment. The question indicated by the last clause of the quotation, somewhat different, indeed, from the one here presented, was not decided, as it was held that the point had been waived. In the opinion *People* v. *Harrison* is cited to another proposition. In *People* v. *Warriner,* 37 Cal. App. 107 [173 Pac. 489], there was presented a state of facts apparently similar in substance to those in the present record, but the court was required to pass upon no such question of law as the one which now engrosses our attention. In *People* v. *Rossi,* 37 Cal. App. 778 [174 Pac. 916], the defendant was convicted under section 288. He contended that if he ''was shown by the evidence to have been guilty of any crime at

all, it was that of an attempt to commit rape and not that defined by section 288 of the Penal Code.'' The court then stated the evidence upon which the conviction had resulted, showing that the defendant had kissed and fondled the female child who was his victim, but that he had not endeavored to penetrate her person, and then said: ''If it had been so clearly shown that the defendant attempted to insert his private parts into those of the child that no other conclusion would have been justified by the jury than that he attempted to commit the crime of rape upon the infant, then this court might be required to agree with appellant's counsel that the act committed was one of those 'acts constituting other crimes provided for by part two of the' Penal Code, and, therefore, within the exception prescribed by section 288.'' It will be observed that the court here hints at the question which was touched by the opinions in *People* v. *Ah Lung, supra,* and *People* v. *Davis, supra,* although neither of the cases is cited.

The foregoing cases constitute the only authority which we have been able to locate which bears even remotely upon the question presented by appellant. We see nothing in them which precludes a conviction under section 288 for the commission of lascivious acts upon children even though the acts in question precede and lead up to the perpetration of the crime of sodomy. In one of them, indeed (*People* v. *Harrison*), the conviction arose from just such a state of facts, although, as we have already remarked, the question now crying for solution was not in that case considered. Nor can we in reason perceive ground upon which to sustain appellant's position. The acts of appellant upon which he was convicted were entirely different and apart from the one act upon which alone could have been successfully based a charge of sodomy, the act of penetration. They were therefore, to quote from section 288, acts ''other than the acts constituting other crimes'' provided for in the same part of the code, having in mind in this instance the crime of sodomy, provided for by section 286. The point made by appellant is not well taken. We need not speculate upon what the result might have been if he had contended that he should have been punished, if at all, for an attempt to commit sodomy instead of for an infraction of the provisions of section 288.

[4]   Appellant makes the point that the evidence shows no proof of venue, but both appellant's victim and another witness, the two being the only observers of appellant's acts, testified directly that the occurrences they related took place in the county of the jurisdiction.

[5]   Several points are made concerning the admission and rejection of evidence under the express statement of appellant's counsel that no objections to support them were made in the trial court. It is also said that the court erred in failing to give instructions to the jury upon certain questions of law, but it is admitted that no instructions upon those questions were requested. Under such conditions there is no basis for the consideration of any of these points here.

[6]   Several points are stated by appellant which are not argued. They cannot, of course, be considered. One or two questions are presented which are argued with great brevity, but it is apparent from the mere statement of them that they are without merit.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.