[Crim. No. 3427. Second Appellate District, Division One.—March 18, 1941.]

THE PEOPLE, Respondent, v. LOUIS KARPINSKI, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

WHITE, J.—In an information filed by the district attorney, defendant was accused of three felonies. Count 1 charged violation of section 288 of the Penal Code; count 2 set forth a violation of section 286 of the Penal Code; while count 3 alleged an attempt by defendant to commit the act charged in count 2. During the progress of the trial count 3 was dismissed on motion of the district attorney. By its verdicts the jury found defendant guilty as charged in counts 1 and 2. From the judgments of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

Stating the evidence in the light most favorable to the prosecution, as we are required to do following verdicts of guilty, we find in the record testimony that on Sunday evening, June 16, 1940, defendant accosted the complainant, a schoolboy nine years of age, while the latter was walking alongside defendant on Main Street. At this time defendant asked the boy if he wanted a hot dog. Upon receiving an acquiescent answer, defendant purchased a hot dog and a glass of root beer for the boy, after which he took him to his hotel. Upon arrival at his room, appellant removed the boy's trousers and placed him face down over the edge of the bed, whereupon, according to the facts testified to by the

victim, the defendant committed upon him the infamous crime against nature.

After admonishing the boy not to say anything to anybody, defendant gave him a dollar in change. The boy went home, and the next day at school the teacher made inquiry concerning his possession of the money, whereupon the boy told her of the manner in which he had obtained it. When police officers came to the school, the boy led them to appellant's room. After sending the boy away, the officers waited for the return of appellant, and about 11:30 that night observed him coming up the stairs of the rooming house with another young boy directly behind him. After arresting the defendant, the officers searched him and found a tube of vaseline, part of which had been removed. The tube of vaseline was introduced in evidence and was identified by the boy as being similar to that which the defendant had in his possession and used at the time of the alleged assault. In response to interrogatories propounded by the officers, defendant stated that on the day in question he had gone to a picnic where he had been drinking all day; that in the early evening after leaving the picnic he went to Chinatown, where he consumed more liquor and became very much intoxicated, and did not remember anything more. He stated to the officers that he did not remember doing anything to any boy in his room, because he was too drunk. When asked by the officers why he had a boy with him at the time of his arrest defendant stated that he was taking the boy to his room to give him a book or magazine. At the trial defendant produced two witnesses who stated that he was at the picnic in question and was last seen about 6 o'clock in Chinatown and that he appeared to have been drinking quite a bit. Testifying in his own behalf, the defendant denied having had the complainant or any other boy in his room on the night in question. He testified that after coming from the picnic he did some drinking in Chinatown and in another bar, and then went home and to bed about 9 o'clock that evening. In explanation of his possession of the vaseline, he said he used it for cuts on his fingers in his work as a metal polisher and also upon his hair and scalp.

Upon this state of the evidence, appellant first contends that it is insufficient to support the verdicts; that the testimony of the victim is inherently improbable, and is bereft

of any corroboration to support the story. This contention is without merit, when we consider that on the day following the offense the boy showed his teacher the money appellant had given him and told the teacher where he had obtained it. He led the police officers to the hotel where he claimed the offense took place. Possession of the tube of vaseline which the victim testified was used at the time the offenses were committed upon him was also a circumstance tending to corroborate the story told by the minor. Also at the trial appellant failed to account for his whereabouts from the time he was last seen in Chinatown about 6 o'clock and the time when he claims he entered his hotel and went to bed around 9. While in cases of this type corroboration admittedly is not necessary, the record here furnishes no small amount of the same. Under the facts of this case as herein narrated, the cases of *People* v. *McCullough,* 38 Cal. App. (2d) 387 [101 Pac. (2d) 531], and *People* v. *Adams,* 14 Cal. (2d) 154 [93 Pac. (2d) 146], are not applicable. When, as here, there is substantial evidence in the record, considered in connection with such inferences as the jury may reasonably have drawn therefrom, to sustain the material allegations of the information upon which the verdicts of guilty were predicated, we are without power to disturb the conclusions reached by the triers of fact. For a painstaking and exhaustive review of the rights of an appellate tribunal under the circumstances here present, see *People* v. *Haydon,* 18 Cal. App. 543, 555 [123 Pac. 1102, 1114].

■ Appellant next contends that the manner in which the district attorney dismissed count 3 in open court constitutes prejudicial error. From the record it appears that during the trial the district attorney produced as a witness another boy, eleven years old, who was the alleged victim in the offense charged by count 3 of the information. After this witness had been sworn, defendant's counsel objected to his testifying on the ground that the defendant had not had a preliminary examination in accordance with law in connection with the allegations contained in count 3. The record then discloses that following this objection counsel approached the bench and a discussion took place outside the presence of the jury, in the course of which the transcript of the testimony that was actually taken at the preliminary examination was submitted to the trial judge. At

the session of court next following such conference, and at which time the jury was present, the deputy district attorney stated: "At this time, before proceeding, I think, following our conference last night, at this time the People will move the dismissal of count three of the information, which charges the attempt to commit the violation of section 286, and for that reason we will not recall the youngster who was on the stand, and will not use the youngster that was last brought as a witness, . . . " Thereupon the court granted the motion and the deputy district attorney announced, "That will leave only two counts." First of all, it should be noted that appellant made no objection to the form of the People's motion to dismiss at the time it was made, nor was any instruction asked of the court by appellant in reference to this dismissal. Appellant's claim that by reason of the proceedings had in court with reference to count 3 the rights of the defendant were prejudiced by bringing to the attention of the jury the existence of such other charge in the information is without merit, because at the very beginning of the trial in the *voir dire* examination of the jury, the court advised prospective jurors of the nature of the offense charged in count 3. Certainly the jurors had the right to be informed of the dismissal of that charge and to be advised that they were not required to render a verdict thereon. Manifestly defendant is in no position to complain because he was relieved from prosecution upon count 3. (*People* v. *Danford,* 14 Cal. App. 442, 450 [112 Pac. 474].) █ Appellant's claim that his substantial rights suffered by reason of the admission of evidence of other offenses is equally without merit, because no evidence was taken from the alleged victim mentioned in count 3. He was merely sworn, and before he testified at all he was dismissed from the stand and the charge in connection with which he was called was dismissed.

█ Finally, appellant contends that the court erred in refusing to give the jury a proffered instruction to the effect that it could not find the defendant guilty of a violation of section 288 and of section 286 of the Penal Code arising from the same act, and that should the jury believe the defendant guilty it would then become its duty to "elect between a conviction of violation of section 288 of the Penal Code and a violation of section 286 of the Penal Code." Appellant is in error when he claims that there was no evidence of a

violation of section 288 of the Penal Code apart from the evidence of a violation of section 286 of the same code. There is contained in the record evidence of acts and conduct on the part of appellant which, if true, and it was for the jury to determine the verity thereof, constituted a clear violation of section 288 of the Penal Code as distinguished from the offense set forth in section 286. The acts which we have just referred to as constituting a distinct violation of section 288 of the Penal Code occurred following the perpetration of the crime of sodomy. Where, as here, it appears that when the actions of appellant subsequent to his violation of section 286 did not constitute an attempt to commit or an act in violation of that section, the jury was free to convict appellant of the offense of violation of section 288 of the Penal Code as charged in count 1 of the information. (*People* v. *Lind,* 68 Cal. App. 575 [229 Pac. 990]; *People* v. *Parker,* 74 Cal. App. 540, 548 [241 Pac. 401].) Furthermore, the jury was clearly and fairly instructed on the provisions of Penal Code, section 288, and also upon the provisions of section 286 of the same code, and was further instructed that the offenses were separate and distinct and required separate verdicts of conviction or acquittal. Under the facts and circumstances of the instant case the instruction requested by appellant, requiring an election of offenses, was properly refused.

The judgments and the order denying the motion for a new trial are, and each is, affirmed.

York, P. J., and Doran, J., concurred.