104 Cal.App.2d Supp. 861 (1951)
THE PEOPLE, Appellant,
v.
WILBUR R. COAHRAN, Respondent.
California Court of Appeals. 
Apr. 30, 1951.
 James Don Keller, District Attorney, H. D. Cornell and Clifford L. Duke, Jr., Deputy District Attorneys, for Appellant.
 Edgar B. Hervey for Respondent.
 BURCH, J.
 The question raised by this appeal may be stated: In passing upon a motion to dismiss for want of a speedy trial, is the trier of fact bound by the rule on appeal that in the absence of objection at the setting the defendant is deemed to have waived his constitutional right to a speedy trial.
 Defendant was charged in municipal court with the violation of Health and Safety Code, section 29020, by a complaint filed December 28, 1950. He was promptly arraigned December 29, 1950, pleaded not guilty, demanded a jury trial, and the trial was then set for February 8, 1951.
 At the time of trial defendant moved to dismiss the charges against him, which motion was granted by the court for want of a speedy trial, and the People appeal.
 Upon the hearing of the motion it was made to appear to the trial court that at arraignment the defendant was without counsel; that defendant was advised of his constitutional right to a jury trial but not of his constitutional right to a speedy trial; that the business of the court and of counsel for the [104 Cal.App.2d Supp. 863] People was not such as to have required such delay as occurred, and no cause was shown by counsel for the People as to why the trial of defendant had not been had earlier.
 It is contended on this appeal that because the defendant, when arraigned, made no objection to the date set for trial, the defendant is thereafter estopped to complain. In support thereof the People cite People v. Rongo, 169 Cal. 71 [145 P. 1017]; People v. Douglass, 100 Cal. 1 [34 P. 490]; People v. Crittenden, 93 Cal.App.2d Supp. 871 [209 P.2d 161], and People v. Lind, 68 Cal.App. 575 [229 P. 990].
 In the Rongo case trial proceeded after the statutory period of 60 days. Defendant had pending a motion to dismiss upon which there had been no hearing or ruling. After conviction without a ruling or a renewal on his motion, the Supreme Court found no error.
 [1] In the Douglass case the rule in these cases and the reasons for it are stated:
 "Conceding then, as held in People v. Morino, 85 Cal. 515 [24 P. 892], that the burden was upon the prosecution to show good cause for holding the defendant without trial for a longer time than that named in the statute, and that in the absence of such showing the court had no discretion in the matter, but was imperatively required to grant the defendant's motion, still the rule is settled by decisions of this court, found in nearly every volume of our reports, that on appeal all intendments are in favor of the regularity of the action of the court below, and that error will never be presumed, but must affirmatively appear."
 Such is the rule on appeal, and there must be an affirmative showing of error to overcome the presumption to the contrary. It is the duty of this court to apply the presumption to the ruling appealed from, in the absence of an affirmative showing of error.
 [2a] The record shows affirmatively that defendant was not represented by counsel; was not advised of his constitutional right to a speedy trial; that he was held under the charge without trial when neither the state of the court's calendar nor the business of the district attorney was such as to make the delay necessary. There was before the court the stipulation that the defendant had not "waived his rights to a speedy trial, as he had not been advised of his right to a speedy trial, but remained mute." All of this was evidence before the court, to be considered in ruling on the motion. (People v. George, 91 Cal.App.2d 537, 541 [205 P.2d 464].) [104 Cal.App.2d Supp. 864]
 Penal Code, section 1382, furnishes a standard of a speedy trial in felony cases (60 days) and in misdemeanors in justice's courts (30 days). [3] No statute undertakes to define the constitutional speedy trial in the municipal court, nor is it necessary in this case that we should undertake to do so. Without a constitutional or statutory definition of what is a speedy trial, it must be left to the sound discretion of the trial court, which will be reversed only on an affirmative showing of abuse of discretion. For the purpose of this case we may adopt the rule that what constitutes a speedy trial must be determined by the trial court in the light of all the circumstances. [2b] Certainly no abuse of discretion appears. (People v. Godlewski, 22 Cal.2d 677, 682 [140 P.2d 381].) In the last cited case it is stated in the syllabus:
 "Const., art. I, 13, guaranteeing a speedy trial, establishes a fundamental right and is self-executing. The enactments of the Legislature with respect to a speedy trial and the time within which a trial must be had are supplementary to and a construction of the Constitution. ..."
 [4] In support of the ruling we will presume that the court gave due consideration to any evidence to the contrary, including therein the asserted presumption of regularity of setting. (See Smellie v. Southern Pac. Co., 212 Cal. 540 [299 P. 529].) [5] When two or more inferences can reasonably be deduced from conflicting evidence, the court on appeal is not authorized to substitute its deductions for those of the trier of fact. "This rule is applicable when it is sought by testimony to overcome a presumption." (Halloran v. Isaacson, 95 Cal.App.2d 357, 366 [213 P.2d 19].)
 In the several other cases cited by the People the intendments and presumptions were employed to support the ruling of the court below. It does not appear they have been invoked to reverse a ruling supported by substantial evidence.
 The order is affirmed.
 Turrentine, P. J., and Glen, J., concurred.