[Crim. No. 23912. First Dist., Div. Two. June 17, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DIANE YOUNGBLOOD GEORGE, Defendant and Appellant.

**[Certified for partial publication.\*]**

---

*Parts II, III and IV are not certified for publication. See *post*, page 961.

**COUNSEL**

Judith L. Carlisle, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Eugene Kaster and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SMITH, J.**—Defendant Diane Youngblood George appeals from a judgment sentencing her to a nine-year term in state prison[1] based on a jury verdict finding her guilty of robbery with personal use of a firearm (Pen. Code, §§ 211 and 12022.5)[2] and on her admission of two alleged prior terms served for felony offenses (§ 677.5, subd. (b)).

I. *Defendant has not shown prejudice flowing from any denial of her speedy trial rights.*

For her first contention, defendant maintains that the trial court erred in denying her motion to dismiss, brought on the ground that she was denied a speedy trial under section 1381.5[3] and under article I, section 15, of our state Constitution.[4]

---

[1]Defendant purports to appeal "from the judgment of conviction/order revoking probation/ order of commitment rendered . . . on January 6, 1981." There is no order revoking probation or order of commitment. Those purported appeals must be dismissed. The record shows that the judgment and sentence were pronounced on January 6, *1982,* rather than on the designated date of January 6, *1981.* We regard the incorrect date as an end-of-the-year oversight and liberally construe the appeal as having been taken from the 1982 judgment. (Cal. Rules of Court, rule 31(b).) If a standardized notice of appeal form is used, care *must* be taken to strike over irrelevant portions and save this court from the task of disposing of all unintended parts of that jurisdictional document.

[2]Unless otherwise indicated, all section references hereinafter are to the Penal Code.

[3]Penal Code section 1381.5 provides: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this state any criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced the district attorney of the county in which such matters are pending, upon receiving from such defendant a request that he be brought to trial or for sentencing, shall promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing. If an assent from authorized federal authorities for release of the defendant for trial or sentencing is received by the district attorney he shall bring him to trial or sentencing within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial or sentencing at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial or sentencing within 90 days from such request or consent.

"If a defendant is not brought to trial or for sentencing as provided by this section, the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action."

[4]Article I, section 15, of the California Constitution provides in part: "The defendant in a criminal cause has the right to a speedy public trial . . . ."

The first charges against defendant arising out of the Richmond bank robbery were filed in Contra Costa County Bay Judicial District municipal court in a complaint dated January 14, 1981.[5] Defendant was arrested in Phoenix, Arizona, on January 20 and transferred to the Metropolitan Correctional Center (MCC) in San Diego on the following day on a probation violation. A detainer was lodged with the MCC on January 22nd. On January 29, 1981, the United States District Court for the Southern District of California revoked defendant's probation and committed her to a six-month sentence.

Defendant claims to have made speedy trial requests between January 24 and 27, 1981, but the first request acknowledged by state authorities was a letter dated April 29 and received by the Contra Costa District Attorney's Office on May 11, 1981.

During the period from February 18 to June 26, 1981, defendant was being prosecuted in San Diego County Superior Court on another robbery charge.

On July 23, 1981, the District Attorney's Office obtained a writ of habeas corpus ad prosequendum. On July 31st, federal authorities offered to deliver temporary custody, and the offer was accepted on August 5th. After her delivery to Contra Costa County, defendant, on October 1, 1981, was arraigned. Trial was set for October 26th, but defendant subsequently waived time for trial. Trial began on December 1, 1981.

On October 29, 1981, defendant moved pursuant to sections 1381.5 and 1387 to dismiss the information based on asserted denial of her speedy trial rights. In its minute order decision denying the motion, the court indicated that defendant had not satisfactorily established that speedy trial requests were made prior to the one made on May 11, 1981, and that the People had "abundantly established good cause to wait from May 11, 1981, until the defendant's case in San Diego County had been concluded." On appeal, defendant challenges the court's factual finding that no request was established and its determination that good cause had been established for delay. (See *People* v. *Johnson* (1980) 26 Cal.3d 557, 570 [162 Cal.Rptr. 431, 606 P.2d 738] ["What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court"].)

■ It is not necessary to review, on the merits, the trial court's action for, even if the lower court was in error, defendant has not demonstrated

---

[5]The complaint was not sent up as part of the clerk's transcript. Defendant has appended to her opening brief a certified copy of that document as Exhibit "A" thereto and moves to augment the record on appeal to include the certified copy. Her motion is hereby granted. (Cal. Rules of Court, rule 12(a).)

how she was prejudiced by such error. In fact, neither party addresses the question of the need to show prejudice.

■ The question is answered by *People* v. *Wilson* (1963) 60 Cal.2d 139, [32 Cal.Rptr. 44, 383 P.2d 452], wherein the Supreme Court, in reviewing (upon an appeal from a judgment of conviction) the denial of a pretrial motion to dismiss brought on speedy trial grounds, concluded: "[T]he denial of [a defendant's] right to a speedy trial—a personal right, . . . which is presumed to be waived if the defendant fails to assert it in a timely fashion—is no more significant than any other error in procedure before trial. It follows that as one who seeks to predicate thereon a reversal of his judgment of conviction, [a] defendant like any other appellant must show that the error was a prejudicial one. [Citation.]" (Pp. 151-152.) ■ The court in *Wilson* explained that upon a motion to dismiss made *prior to the commencement of trial,* a defendant is not required to show prejudice by the delay but is entitled to dismissal upon a showing of delay and the prosecution's failure to show good cause for such delay. (P. 151.) However, the court continued, " 'A judgment should not be reversed for such an error, *except* in a case where, if the motion had been granted, the statute of limitations would have been a bar to a new information or indictment for the same offense. In other cases the remedy for a defendant whose motion for a dismissal has been improperly denied is an application for a writ of *habeas corpus* [or . . . of mandate or prohibition] *before judgment of conviction.* ' " (Italics and bracketed language in original; *id.,* at p. 152, quoting from *People* v. *Douglas* (1893) 100 Cal. 1, 6 [34 P. 490].)

■ In the instant case, the denial of the motion occurred within one year of the robbery's commission, well within the applicable statute of limitations (§ 800, subd. (a)), and hence dismissal would have been no bar to refiling. We note that dismissal of the information might also have been prejudicial had there been a prior dismissal on speedy trial grounds (§ 1387; *People* v. *Johnson, supra,* 26, Cal.3d 557, 573), but here there was no such prior dismissal.

Because it does not appear, and defendant has not affirmatively shown, that prejudice resulted from any delay in bringing her to trial, we must conclude that the error, if any, did not result in a miscarriage of justice and hence would not require reversal of the judgment. *(People* v. *Johnson, supra,* 26 Cal.3d 557, 574; *People* v. *Wilson, supra,* 60, Cal.2d 139, 154; Cal. Const., art. VI, § 13.) Lack of a showing or the appearance of prejudice is fatal to both the statutory and constitutional claims. (See *People* v. *Wilson, supra,* at p. 153; *People* v. *Manina* (1975) 45 Cal.App.3d 896, 901 [120 Cal.Rptr. 51].)

II-IV

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

The judgment of conviction and sentence pronounced on January 6, 1982, is affirmed; the purported appeals from the order revoking probation and order of commitment are dismissed.

Parts II, III, and IV of this opinion are not certified for publication as they do not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

Kline, P. J., and Miller, J., concurred.

A petition for a rehearing was denied July 14, 1983, and appellant's petition for a hearing by the Supreme Court was denied September 21, 1983. Grodin, J., did not participate therein.