[No. F008814. Fifth Dist. Apr. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
TOMMY JACKSON ROGERS, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡ Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

William Kaufmann, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Appellant was charged by amended information with two counts of robbery (Pen. Code, § 211)[1] and three counts of assault with a deadly weapon (§ 245, subd. (a)(2)). It was further alleged appellant used a gun in the commission of each of the robbery counts. Additionally, it was alleged appellant had suffered five prior serious felony convictions within the meaning of section 667, subdivision (a). Following a jury trial, appellant was convicted on all counts and the five prior serious felony convictions were found to be true.

Appellant filed a timely appeal to this court and in an unpublished opinion we affirmed the conviction on all counts and the two section 12022.5 enhancements but struck three of the five prior serious felony convictions and remanded for resentencing. A remittitur was filed on August 28, 1985.

In the interim, between appellant's conviction in this case and the filing of the remittitur, appellant was committed to federal prison prior to September 1985, and was incarcerated in a federal institution at Leavenworth, Kansas. The Fresno County Superior Court set a hearing on the remittitur for September 26, 1985. Appellant was not present for that hearing and on October 4, 1985, pursuant to the district attorney's request, the trial court issued a writ of habeas corpus ad prosequendum directed to the warden of the federal penitentiary at Leavenworth, Kansas, to produce appellant at the Fresno County Detention Center, Fresno, California. The federal authorities failed to acknowledge or act upon the writ and following several continuances of the hearing on the remittitur, at which appellant did not appear, the matter was taken off calendar until such time as a demand for resentencing was made by appellant.

On August 11, 1986, while still incarcerated at Leavenworth, Kansas, appellant filed a pro. per. motion in the trial court to dismiss the subject action on the grounds that any proceedings to resentence him on the convictions at bench would violate the interstate agreement on detainers. On September 26, 1986, the district attorney sought and the trial court issued another or new writ of habeas corpus ad prosequendum. Several additional continuances followed when federal authorities again failed to acknowledge or act upon the writ. On or about November 3, 1986, the trial court was advised appellant had been transferred to the federal detention facility at Lompoc, California.

On February 23, 1987, the district attorney sought and was granted still another writ of habeas corpus ad prosequendum which issued the following

---

* Before Woolpert, Acting P. J., Martin, J., and Hamlin J.
[1] All statutory references are to the Penal Code unless otherwise indicated.

day. After several additional delays occasioned by the apparent refusal of federal correctional authorities to produce appellant, appellant was released to Fresno County Sheriff's Department personnel and was returned to Fresno County. He appeared in the trial court on April 30, 1987, appellant's first appearance before the trial court since the filing of the remittitur in this action on August 28, 1985. From April 30, 1987, until June 3, 1987, hearing on appellant's original motion to dismiss was continued at defense request. On June 3, 1987, appellant's motion to dismiss was heard by the trial court, evidence was received, and following oral argument, the motion was denied.

At the sentencing hearing on June 8, 1987, probation was denied and appellant was sentenced to state prison for an aggregate period of 21 years to be served consecutively to the term in federal prison appellant was then serving. Appellant filed a timely notice of appeal.

### DISCUSSION

Appellant in this appeal does not challenge his conviction of the robbery and assault with a deadly weapon counts and the various enhancements found true after trial. These issues were addressed and disposed of in the first appeal from this case to our court. Accordingly, we need not recite or review the underlying facts resulting in appellant's conviction of these charges.

### I

Appellant first contends the trial court erred in denying his motion to dismiss pursuant to section 1381.5. That section provides: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution located in this state, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this state any criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced the district attorney of the county in which such matters are pending, upon receiving from such defendant a request that he be brought to trial or for sentencing, shall promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing. If an assent from authorized federal authorities for release of the defendant for trial or sentencing is received by the district attorney he shall bring him to trial or sentencing within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district

attorney shall bring the prisoner to trial or sentencing at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial or sentencing within 90 days from such request or consent.

"If a defendant is not brought to trial or for sentencing as provided by this section, the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action." Appellant argues his "Motion to Dismiss" filed in the trial court on August 11, 1986, "[a]lthough confused in its legal reasoning, the motion clearly put the District Attorney on notice that Appellant wished to be sentenced." In other words, appellant argues his motion filed August 14, 1986, constitutes a request (motion) pursuant to section 1381.5 that he be produced in the trial court for sentencing, that as of October 20, 1986, he was transferred from Leavenworth, Kansas, to the Lompoc, California, federal penitentiary, and from and after that date, appellant met all of the prerequisites necessary for relief under section 1381.5, and the district attorney was required to "promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing. . . ." (§ 1381.5.)

In our view, appellant's argument fails for several reasons. We first note the August 11, 1986, motion does not constitute a request to be sentenced pursuant to section 1381.5, but rather contends the jurisdictional procedure of the State of California in bringing him to trial (on the instant charges) was "in violation of guaranteed statutory 'due process' standards; the Fourteenth Amendment of the United States Constitution; and the *Interstate Agreement on Detainers, I.A.D.,* herein referred to as the Act, *Title 18 U.S.C. App.* § *2 et seq.*" Appellant by this motion is thus attempting to raise issues not cognizable in this, his second, appeal. These issues were required to be raised in the first appeal (see *ante*) or are deemed waived. In that appeal, this court affirmed appellant's conviction on all counts, struck three of the serious felony priors, and remanded for resentencing only. Moreover, as respondent points out, even assuming arguendo that the motion could be considered a "demand" pursuant to section 1381.5, it was made while appellant was incarcerated at Leavenworth, Kansas, and does not come within the provisions of the section, i.e., a demand by an inmate of a "federal correctional institution *located in this state.*" (§ 1381.5, italics added.) We also note appellant apparently made no demand to the trial court or the district attorney's office that he be brought before the court for sentencing, or for any other relief, from or after his transfer in October 1986, to a federal facility in California. On the other hand, the record reflects the district attorney's office in Fresno County made repeated attempts com-

mencing in October 1985, and continuing until and after February 1987, to obtain from federal authorities the release of appellant for sentencing in the trial court or, alternatively, notice of when appellant could be released for such purpose. These efforts finally succeeded in approximately March and April 1987, resulting in appellant's release and first appearance before the trial court on April 30, 1987.

■ Finally, as the trial court pointed out in denying appellant's motion to dismiss on June 3, 1987, appellant wholly failed to show that he suffered any prejudice whatsoever resulting from any delay attributable to the district attorney's office in bringing him before the court for sentencing. In *People* v. *George* (1983) 144 Cal.App.3d 956 [193 Cal.Rptr. 9], an analogous case, the defendant moved to dismiss a bank robbery charge filed against her in Contra Costa County on the ground she was denied a speedy trial under section 1381.5. The trial court concluded defendant had not satisfactorily established that speedy trial requests were made prior to May 11, 1981, the date her request was first acknowledged by state authorities, and that the People had abundantly established good cause for any delay after May 11. The First District Court of Appeal affirmed, stating: "It is not necessary to review, on the merits, the trial court's action for, even if the lower court was in error, defendant has not demonstrated how she was prejudiced by such error. In fact, neither party addresses the question of the need to show prejudice.

"The question is answered by *People* v. *Wilson* (1963) 60 Cal.2d 139 . . . , wherein the Supreme Court, in reviewing (upon an appeal from a judgment of conviction) the denial of a pretrial motion to dismiss brought on speedy trial grounds, concluded: '[T]he denial of [a defendant's] right to a speedy trial—a personal right, . . . which is presumed to be waived if the defendant fails to assert it in a timely fashion—is no more significant than any other error in procedure before trial. It follows that as one who seeks to predicate thereon a reversal of his judgment of conviction, [a] defendant like any other appellant must show that the error was a prejudicial one. [Citation.]' (Pp. 151-152.) The court in *Wilson* explained that upon a motion to dismiss made *prior to the commencement of trial,* a defendant is not required to show prejudice by the delay but is entitled to dismissal upon a showing of delay and the prosecution's failure to show good cause for such delay. (P. 151.) However, the court continued, ' "A judgment should not be reversed for such an error, *except* in a case where, if the motion had been granted, the statute of limitations would have been a bar to a new information or indictment for the same offense. In other cases the remedy for a defendant whose motion for a dismissal has been improperly denied is an application for a writ of ·habeas corpus [or . . . of mandate or prohibition] *before*

*judgment of conviction.*" ' (Italics and bracketed language in original; *id.,* at p. 152, quoting from *People* v. *Douglas* (1893) 100 Cal. 1, 6 . . . .)

". . . . . . . . . . . . . . . . . . . . . .

"Because it does not appear, and defendant has not affirmatively shown, that prejudice resulted from any delay in bringing her to trial, we must conclude that the error, if any, did not result in a miscarriage of justice and hence would not require reversal of the judgment. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 574 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *People* v. *Wilson, supra,* 60 Cal.2d 139, 154; Cal. Const., art. VI, § 13.) Lack of a showing or the appearance of prejudice is fatal to both the statutory and constitutional claims. (See *People* v. *Wilson, supra,* at p. 153; *People* v. *Manina* (1975) 45 Cal.App.3d 896, 901 . . . .)" (*Id.* at pp. 959-960.)

In the instant case, in the trial court and in this appeal, it does not appear, and appellant has not affirmatively shown, that prejudice resulted from any delay in sentencing after the remittitur was filed. Thus, if error occurred it did not result in a miscarriage of justice and would not require reversal of the judgment.

## II*

. . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

---

*See footnote, *ante,* page 286.