Filed 2/25/21  P. v. Vargas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL MENDOZA VARGAS,<br><br>Defendant and Appellant. | F078774<br><br>(Super. Ct. No. VCF316597)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

The crimes in this case occurred when defendant Manuel Mendoza Vargas entered the bedroom of an acquaintance's teenaged daughter while he was staying at the home overnight and raped her.[1] Defendant was convicted by jury of two counts of rape by force or duress (Pen. Code, § 261, subd. (a)(2); counts 1 & 3),[2] two counts of rape by threat (§ 261, subd. (a)(6); counts 2 & 4), first degree robbery (§ 211; count 5), criminal threats (§ 422; count 6), dissuading a witness from reporting a crime by threat of force or violence (§ 136.1, subd. (c)(1); count 7), and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 8).[3] Pursuant to section 667.61, subdivisions (d)(4) and (e)(2), known as the "One Strike" law, the jury also found true the special allegations that defendant committed the rapes during the commission of burglary.

The trial court sentenced defendant to a determinate term of four years and an indeterminate term of 50 years to life. On the determinate counts, the court imposed the lower term of three years on count 5 for robbery; the middle term of two years on count 6 for criminal threats, stayed under section 654; one year (one-third of the middle term) on count 7 for dissuading a witness by threat of force or violence, consecutive to the robbery term; and the middle term of two years on count 8 for dissuading a witness, stayed under section 654. The court imposed indeterminate terms of 25 years to life each on counts 1

---

[1]    We take judicial notice of our prior opinion in *People v. Vargas* (Aug. 29, 2018, F073606) [nonpub. opn.] (*Vargas I*) and the record from that appeal. (Evid. Code, §§ 452, subd. (d), 459.) With the exception of defendant's claim of error under section 654, the facts are not relevant to the issues resolved on appeal and, therefore, we do not summarize the trial evidence other than as necessary to resolve the claim of error addressed in part II. of the Discussion.

[2]    All further statutory references are to the Penal Code unless otherwise stated.

[3]    Section 261, subdivision (a)(2), proscribes rape "by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another," and section 261, subdivision (a)(6), proscribes rape by "threatening to retaliate in the future against the victim or any other person." We refer to the crimes as rape by force or duress and rape by threat, respectively.

through 4, stayed the sentences on counts 2 and 4 for rape by threat under section 654, and imposed mandatory consecutive terms on counts 1 and 3 for rape by force or duress. (§ 667.6, subds. (a), (d).)

In *Vargas I*, defendant claimed that the jury's burglary findings under section 667.61, subdivisions (d)(4) and (e)(2), were not supported by substantial evidence; and that the trial court erred in its instructions to the jury under CALCRIM Nos. 3180 (burglary special circumstances) and 3426 (voluntary intoxication). He also claimed that his sentences of 25 years to life under section 667.61, subdivision (a), were unauthorized because the jury did not make the requisite finding that he intended to commit rape by force or threat; the trial court abused its discretion in determining the rapes involved the same victim on separate occasions under section 667.6, subdivision (d); and his cumulative sentence of 50 years to life constituted cruel and/or unusual punishment under the federal and state Constitutions.

The People conceded the trial court's instruction under CALCRIM No. 3180 was erroneous as given, but contended the error was not prejudicial. They otherwise disputed defendant's entitlement to any relief.

As discussed in *Vargas I*, we concluded there was insufficient evidence supporting the jury's burglary findings under section 667.61, subdivisions (d)(4) and (e)(2). We reversed the findings and remanded the matter for resentencing, but otherwise affirmed the judgment.

On remand, the trial court resentenced defendant to a total determinate term of 24 years 4 months as follows: the aggravated terms of 11 years each on counts 1 and 3 for rape by force or duress, one year four months on count 5 for robbery, and one year on count 7 for dissuading a witness by threat of force or violence, to run consecutively. Pursuant to section 654, the court imposed and stayed the aggravated terms of eight years each on counts 1 and 4 for rape by threat, three years on count 6 for making criminal threats, and three years on count 8 for dissuading a witness. The court also imposed a

3.

restitution fine of $10,000 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $10,000 under section 1202.45, subdivision (a), suspended; a crime prevention fine of $10 under section 1202.5; a sexual assault examination fee of $800 under section 1203.1h, subdivision (b); a total court operations assessment of $320 under section 1465.8; and a total court facilities assessment of $240 under Government Code section 70373.

Defendant's appeal following resentencing is now before us. Defendant claims his conviction on count 7 for dissuading a witness by threat of force or violence is not supported by substantial evidence. He also claims that the trial court erred when it failed to stay his sentence on count 7 under section 654; the trial court violated his right to due process and to be free from double jeopardy when it increased the restitution fine under section 1202.4 from $300 to $10,000 on remand; and he is entitled to remand for an ability-to-pay hearing pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Finally, defendant claims that the abstract of judgment should be corrected to reflect he was convicted of robbery rather than burglary.

The People concede that the trial court violated defendant's rights when it increased the restitution fine from $300 to $10,000 on remand and that this court should order correction of the abstract of judgment, but they otherwise dispute his entitlement to relief.

We conclude defendant's attack on his conviction on count 7 for dissuading a witness by threat of force or violence is untimely and we decline to consider it, and we reject his challenge to his sentence on count 7 under section 654. We agree with the parties that the trial court violated defendant's constitutional rights when it increased the restitution fine from $300 to $10,000 during resentencing and we order a reduction, but we conclude that by failing to exercise his statutory right to object to the $10,000 fine, defendant forfeited his *Dueñas* claim in its entirety. (§ 1202.4, subd. (d).) Finally, we

4.

agree with the parties that the abstract of judgment contains a clerical error and we order its correction.

## DISCUSSION

**I.     Substantial Evidence Challenge to Count 7**

Defendant claims his conviction on count 7 for dissuading a witness from reporting a crime by threat of force or violence is unsupported by substantial evidence. (§ 136.1, subd. (c)(1); *People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  The People disagree.  As this claim is untimely, we do not reach the merits.

Defendant's challenges to his convictions and sentence were raised in his first appeal and resolved in *Vargas I.*  We affirmed the judgment other than reversal of the burglary findings under section 667.61 and we remanded the matter for the limited purpose of resentencing.  Defendant now seeks a second bite at the apple by advancing a challenge to one of his convictions on grounds that could have been but were not raised in his first appeal.  He may not do so.

"California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures .…"  (*People v. Senior* (1995) 33 Cal.App.4th 531, 535, citing *People v. Webb* (1986) 186 Cal.App.3d 401, 410; accord, *People v. Deere* (1991) 53 Cal.3d 705, 713; *People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397; *People v. Rogers* (1988) 201 Cal.App.3d 286, 290.)  We remanded this matter for resentencing given reversal of the penalty allegation findings made under the One Strike law, but we otherwise affirmed the judgment.  (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204 ["[O]nce the remittitur issues, 'the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court.'"].)  Therefore, only errors relating to resentencing may be raised in this appeal and we will not consider a belated attack on a conviction that should have been raised in *Vargas I.*  (*People v. Deere*, *supra*, at p. 713; see *People v. Hargis*, *supra*, at p. 207 [limited remand not "a straitjacket" where issue could *not* have been raised in

5.

earlier appeal and it "concerned a [fundamental] change in the law that altered the court's authority to adjudicate [the] defendant's case in criminal (adult) court in the first instance"].)

## II. Failure to Stay Sentence on Count 7 Under Section 654

Defendant was convicted, in relevant part, on counts 1 and 3 of rape by force or duress, in violation of section 261, subdivision (a)(2), and on count 7 of attempting to prevent or dissuade a witness or crime victim, by threat of force or violence, from making a report, in violation of section 136.1, subdivision (c)(1). Defendant claims the trial court erred under section 654 when it failed to stay his sentence on count 7 because the same physical act underlies the crimes of rape by force or duress and dissuading a witness by threat of force or violence.[4] We agree with the People that no error occurred.

### A. Legal Standard

Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.…" The statute "expressly prohibits separate punishment for two crimes based on the same act, but has been interpreted to also preclude multiple punishment for two or more crimes occurring within the same course of conduct pursuant to a single intent." (*People v. Vargas* (2014) 59 Cal.4th 635, 642; accord, *People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).) Determining "[w]hether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry .…" (*People v. Corpening* (2016) 2 Cal.5th 307,

---

[4] During resentencing, defense counsel argued that the sentences on counts 5 through 8 should be stayed under section 654 because defendant acted pursuant to a single objective, which was to commit rape. Additionally, a trial "court acts in 'excess of its jurisdiction' and imposes an 'unauthorized' sentence when it erroneously stays or fails to stay execution of a sentence under section 654" (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17), and such errors "are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court'" (*People v. Smith* (2001) 24 Cal.4th 849, 852).

311.)  "We first consider if the different crimes were completed by a 'single physical act.' [Citation.]  If so, the defendant may not be punished more than once for that act.  Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single "'intent and objective'" or multiple intents and objectives."  (*Ibid.*)

We review the trial court's express or implied factual findings for substantial evidence, and its conclusions of law de novo.  (*People v. Brents* (2012) 53 Cal.4th 599, 618; *People v. Perez* (1979) 23 Cal.3d 545, 552, fn. 5; *People v. Moseley* (2008) 164 Cal.App.4th 1598, 1603.)  We "affirm the trial court's ruling, if it is supported by substantial evidence, on any valid ground" (*People v. Capistrano* (2014) 59 Cal.4th 830, 886, fn. 14, overruled in part on another ground in *People v. Hardy* (2018) 5 Cal.5th 56, 103–104; accord, *People v. Brents*, *supra*, at p. 618), and where there is no "explicit ruling by the trial court at sentencing, we infer that the court made the finding appropriate to the sentence it imposed, i.e., either applying section 654 or not applying it" (*People v. Mejia* (2017) 9 Cal.App.5th 1036, 1045, citing *People v. Tarris* (2009) 180 Cal.App.4th 612, 626–627).

### B.  Analysis

#### 1.  Single Physical Act

"Whether a defendant will be found to have committed a single physical act for purposes of section 654 depends on whether some action the defendant is charged with having taken separately completes the actus reus for each of the relevant criminal offenses."  (*People v. Corpening*, *supra*, 2 Cal.5th at p. 313.)  The relevant inquiry is whether "'a separate and distinct act can be established as the basis of each conviction .…'"  (*People v. Beamon* (1973) 8 Cal.3d 625, 637; accord, *People v. Corpening*, *supra*, at p. 316.)

As set forth in *Vargas I*, defendant entered the bedroom of the victim and raped her twice in her bed.  Preceding the first rape, defendant placed his hand over the victim's

mouth, told her there was a man or men with her mother, and warned her that if she screamed or said anything, her mother would be killed. He then pulled down her shorts. The victim attempted to prevent the assault by telling defendant she had to get up soon and she was on her period, but he said he did not care and he removed her tampon himself after she refused to do so. He then raped her the first time, repositioned her on the bed, and raped her a second time. After he heard a noise coming from her mother's room, defendant ceased raping the victim, pulled his pants up, took the victim's cell phone from its charger, threatened to kill her mother if she said anything, and left the room.

The actus reus of rape is sexual intercourse (§ 261, subd. (a)), and defendant was convicted of rape by force or duress based on his threat to harm the victim's mother that preceded the rapes. The second act of rape ended when defendant heard a noise and moved off of the victim. After he pulled up his pants, he took the victim's cell phone and threatened to kill her mother if she said anything, which supplied the threat of force or violence underlying the crime of dissuasion charged in count 7. Thus, the crimes of rape and dissuasion were not completed by a single physical act and we reject defendant's contrary argument. (*People v. Corpening*, *supra*, 2 Cal.5th at p. 311.)

### 2. Multiple Independent Objectives

Generally, "'"[w]hether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."'" (*People v. Capistrano*, *supra*, 59 Cal.4th at p. 885, quoting *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) However, "'[t]he temporal proximity of the two offenses is insufficient by itself to establish that they were incident to a single objective'" (*People v. Jackson* (2016) 1 Cal.5th 269, 354, quoting *People v. Capistrano*, *supra*, at p. 887; accord, *Harrison*, *supra*, 48 Cal.3d at p. 335), and "'[b]ecause of the many differing

circumstances wherein criminal conduct involving multiple violations may be deemed to arise out of an "act or omission," there can be no universal construction which directs the proper application of section 654 in every instance'" (*People v. Hicks* (2017) 17 Cal.App.5th 496, 514, quoting *People v. Beamon*, *supra*, 8 Cal.3d at p. 636; accord, *Harrison*, *supra*, at p. 336).  Section 654 "is intended to ensure that [the] defendant is punished 'commensurate with his culpability'" (*Harrison*, *supra*, at p. 335), and the California Supreme Court has cautioned that "a 'broad and amorphous' view of the single 'intent' or 'objective' needed to trigger the statute would impermissibly 'reward the defendant who has the greater criminal ambition with a lesser punishment'" (*id.* at pp. 335–336, quoting *People v. Perez*, *supra*, 23 Cal.3d at p. 552).

"'If [the defendant] entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.'" (*People v. Porter* (1987) 194 Cal.App.3d 34, 38, quoting *People v. Beamon*, *supra*, 8 Cal.3d at p. 639; accord, *Harrison*, *supra*, 48 Cal.3d at p. 335; *People v. Tom* (2018) 22 Cal.App.5th 250, 260.)  This determination requires consideration of "all the circumstances and is primarily a question of fact for the trial court, whose finding will be upheld on appeal if there is any substantial evidence to support it." (*People v. Porter*, *supra*, at p. 38, citing *People v. Goodall* (1982) 131 Cal.App.3d 129, 148; accord, *People v. Tom*, *supra*, at p. 260.)

"Furthermore, 'multiple crimes are not one transaction where the defendant had a chance to reflect between offenses and each offense created a new risk of harm.'" (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717, quoting *People v. Felix* (2001) 92 Cal.App.4th 905, 915.)  "Under section 654, a course of conduct divisible in time, though directed to one objective, may give rise to multiple convictions and multiple punishment 'where the offenses are temporally separated in such a way as to afford the defendant

9.

opportunity to reflect and renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken.'" (*People v. Lopez*, *supra*, at pp. 717–718, quoting *People v. Gaio* (2000) 81 Cal.App.4th 919, 935; accord, *People v. Roles* (2020) 44 Cal.App.5th 935, 946; *People v. Gaynor* (2019) 42 Cal.App.5th 794, 803–804.)

In this case, as we have discussed, the rapes and the witness dissuasion were distinct crimes "necessarily accomplished through separate actions" (*People v. Jackson*, *supra*, 1 Cal.5th at p. 354), and the trial court's implied finding that the crimes involved separate intents and objectives is supported by the record (*People v. Capistrano*, *supra*, 59 Cal.4th at p. 886; *People v. Mesa* (2012) 54 Cal.4th 191, 199). Here, defendant raped the victim for his own sexual gratification and then, to avoid the consequences of his actions, he dissuaded her by threat from making a report, the latter of which had nothing to do with his sexual gratification. This conclusion comports with the goal of ensuring punishment commensurate with culpability, as defendant compounded his physical violation of the victim by threatening to kill her mother if she said anything, causing the victim further trauma separate from and unnecessary to the completed crime of rape. (*People v. Capistrano*, *supra*, at p. 886.) Accordingly, we find no error under section 654.

### III.    Increased Restitution Fine

The restitution fine imposed during the original sentencing hearing was the statutory minimum amount of $300. (§ 1202.4, subd. (b)(1).) In resentencing defendant, the trial court followed the probation officer's recommendation and imposed the statutory maximum amount of $10,000. (*Ibid.*) Defendant claims, and the People concede, that the trial court erred when it increased the restitution fine during resentencing.

"When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing" (*People v. Hanson* (2000) 23 Cal.4th 355, 357), and

restitution fines "constitute punishment for purposes of double jeopardy" (*id.* at pp. 360–361). This rule forestalls "the chilling effect on the right to appeal generated by the risk of a more severe punishment that lies at its core" (*id.* at p. 366), and is compelled not only by the prohibition against double jeopardy, but by due process considerations under state law (*id.* at pp. 366–367). Therefore, we accept the People's concession that it was error to increase the restitution fine on remand for resentencing. (*Id.* at pp. 358, 363; accord, *People v. Daniels* (2009) 208 Cal.App.4th 29, 31–32; cf. *People v. Neely* (2009) 176 Cal.App.4th 787, 800 ["A more severe sentence may be imposed following a successful appeal if the initial sentence was unlawful or unauthorized."].) The restitution fine and corresponding parole revocation restitution fine are each reduced to $300. (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a).)

## IV.  *Dueñas* Claim

As previously set forth, during resentencing, the trial court imposed a maximum restitution fine of $10,000 under Penal Code section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $10,000 under section 1202.45, subdivision (a), suspended; a crime prevention fine of $10 under section 1202.5; a sexual assault examination fee of $800 under section 1203.1h, subdivision (b); a total court operations assessment of $320 under section 1465.8; and a total court facilities assessment of $240 under Government Code section 70373. Defendant challenges the imposition of fines, fees and assessments without a determination on his ability to pay, in accordance with the decision in *Dueñas*, which was issued approximately three weeks before the resentencing hearing. The People dispute defendant's entitlement to any relief under *Dueñas*.

Although we have reduced the restitution fine from the statutory maximum of $10,000 to the statutory minimum of $300 due to constitutional error, defendant had a statutory right to object to the $10,000 fine when it was imposed, based on inability to pay, but he did not do so. (§ 1202.4, subds. (c), (d).) Nor did defendant object to the crime prevention fine of $10 or the sexual assault examination fee of $800, both of which

11.

also include statutory ability-to-pay considerations. (§§ 1202.5, subd. (a), 1203.1h, subd. (a).)[5] Defendant's argument that *Dueñas* was not reasonably foreseeable is contradicted by the facts that the decision was issued approximately three weeks before the resentencing hearing and that he could have but did not object to the maximum restitution fine, crime prevention fine and sexual assault examination fee. Accordingly, we conclude defendant forfeited appellate review of his claim that the trial court erred in imposing the fines, fees and assessments without determining his ability to pay. (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033–1035; *People v. Taylor* (2019) 43 Cal.App.5th 390, 399–400; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371.) We recognize that the imposition of court operations and facilities assessments under Penal Code section 1465.8 and Government Code section 70373 is mandatory irrespective of ability to pay, but we agree with the Court of

---

[5] Section 1202.5, subdivision (a), provides, in relevant part: "In any case in which a defendant is convicted of any of the offenses enumerated in Section[s] 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section[s] 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution."

Section 1203.1h, subdivision (a), provides, in relevant part: "In addition to any other costs which a court is authorized to require a defendant to pay, upon conviction of any offense involving child abuse or neglect, the court may require that the defendant pay to a law enforcement agency incurring the cost, the cost of any medical examinations conducted on the victim in order to determine the nature or extent of the abuse or neglect. If the court determines that the defendant has the ability to pay all or part of the medical examination costs, the court may set the amount to be reimbursed and order the defendant to pay that sum to the law enforcement agency in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution."

Appeal in *People v. Gutierrez* that "[a]s a practical matter, if [defendant] chose not to object to a $10,000 restitution fine based on an inability to pay, he surely would not complain on similar grounds regarding an additional $[560] in fees." (*People v. Gutierrez*, *supra*, at p. 1033; accord, *People v. Montelongo*, *supra*, at pp. 1034–1035.)

In *People v. Taylor*, the Court of Appeal applied the forfeiture doctrine where the defendant failed to object to the imposition of the maximum restitution fine, but declined to do so with respect to the court operations and facilities fees, reasoning that the defendant's failure to object to the restitution fine despite a statutory right to do so may have been based on reasons unrelated to his ability to pay. (*People v. Taylor*, *supra*, 43 Cal.5th at pp. 400–401; accord, *People v. Oliver* (2020) 54 Cal.App.5th 1084, 1100–1101.) We are unpersuaded on that point, however, and conclude that defendant forfeited his ability-to-pay claim under *Dueñas* in its entirety by failing to object to the $10,000 restitution fine.

## V. Clerical Error in Abstract of Judgment

Finally, "[a]ny discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error" (*People v. Leon* (2020) 8 Cal.5th 831, 855, citing *People v. Mesa* (1975) 14 Cal.3d 466, 471), and we may order correction on review (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, citing *In re Candelario* (1970) 3 Cal.3d 702, 705). The parties agree, and our review confirms, that the abstract of judgment incorrectly reflects that on count 5, defendant was convicted of first degree burglary rather than first degree robbery. We shall order the correction.

## DISPOSITION

The restitution fine imposed under section 1202.4, subdivision (b)(1), and the parole revocation restitution fine imposed under section 1202.45, subdivision (a), are each reduced from $10,000 to $300. The trial court shall issue and forward to the appropriate authorities an amended abstract of judgment reflecting modification of the

restitution fine and parole revocation restitution fine and reflecting that on count 5, defendant was convicted of first degree robbery.  Except as modified, the judgment is affirmed.


                                                   MEEHAN, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


SMITH, J.