Filed 6/18/24  P. v. Isamade CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098869 |
| v. | (Super. Ct. Nos. 18FE018008, 21FE019505, 21FE019949) |
| CHIJIOKE ISAMADE, | |
| Defendant and Appellant. | |

Defendant Chijioke Isamade entered into a global plea arrangement that resolved criminal charges in three separate cases.  On appeal, he contends the trial court erred by not dismissing one of the cases under Penal Code section 1381.5,[1] a statute that protects the speedy trial rights of individuals who are incarcerated in federal prison while state criminal charges are pending against them.  Finding no prejudicial error, we will affirm the judgment.

## BACKGROUND

In September 2018, the California Highway Patrol issued defendant a ticket that alleged driving under the influence (Veh. Code, § 23152, subd. (a)), concealing a firearm

---

[1] Undesignated statutory references are to the Penal Code.

1

in a vehicle (§ 25400), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)). From the limited record before us, it appears that defendant was ultimately charged with possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and possession of a controlled substance (Health & Saf. Code, § 11351). The matter proceeded in the superior court as case No. 18FE018008.

In February 2019, defendant made a calendaring change request that included the following explanation: "Request for dismissal due to defendant being scheduled for deportation. He is currently in an ICE detention center until deportation to Nigeria this month." A March 26, 2019 minute order states that the motion to dismiss was "[d]ropped."

On December 5, 2019, defendant again requested a calendar change, listing as the reason, "1381 demand for trial." On December 6, the prosecutor filed a declaration and proposed order for production of defendant, averring that defendant was confined at the Federal Bureau of Prisons, Metropolitan Detention Center in Los Angeles. The trial court signed the order, directing the detention center's warden to deliver defendant to the Sacramento County Sheriff's Department for the purpose of procuring his presence before the court. Nearly a week later, the prosecutor filed another declaration to the same effect, and the trial court signed a second order to produce defendant.

A minute order issued on January 6, 2020, stated, "1381 PC Demand." It further added: "[defendant] inability to appear due to fed. custody on another case[.] Cont. to touch base on matter." A minute order issued on January 14, 2020, likewise said, "1381 PC Demand," but added "[m]atter [d]ropped."

Nearly two years later, the People filed two new criminal cases against defendant. In November 2021, in case No. 21FE019505, the People charged defendant with kidnapping and carrying away to commit sexual penetration (§ 209, subd. (b)(1)),

2

unlawfully causing penetration of the genital opening of the victim (§ 289, subd. (a)(1)), willfully threatening to commit a crime that would result in death or great bodily injury (§ 422), willfully inflicting corporal injury resulting in a traumatic condition (§ 273.5, subd. (a)), carjacking (§ 215, subd. (a)), and driving and taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)).  In December 2021, in case No. 21FE019949, the People charged defendant with obstructing or resisting an executive officer (§ 69).

In February 2023, the parties entered into a global plea to resolve the charges in all three cases.  Under the plea arrangement, defendant pleaded no contest to possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)) in case No. 18FE018008; carjacking (§ 215, subd. (a)) and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) in case No. 21FE019505; and resisting an executive officer (§ 69) in case No. 21FE019949.  The trial court imposed an aggregate sentence of five years eight months, consisting of one year for possession of a controlled substance while armed, three years for carjacking, one year for assault, and eight months for resisting an executive officer.

In June 2023, defendant requested permission to file a notice of appeal under the constructive filing doctrine and to have that notice deemed timely.  We granted the request.  The trial court subsequently granted a certificate of probable cause for defendant's postplea appeal.

## DISCUSSION

### A

Both the state and federal Constitutions guarantee criminal defendants the right to a speedy trial.  (U.S. Const., 6th Amend.; Cal. Const., art. I, § 13; see generally *Barker v. Mun. Ct. of Salinas Jud. Dist. of Monterey County* (1966) 64 Cal.2d 806, 810.)  The California Legislature has adopted a suite of statutes declaratory of that right.  (*Barker,* at p. 810.)  One such statute, section 1381.5, provides that individuals convicted of a crime

3

and serving a term of imprisonment in a federal correctional institution in California may demand that the district attorney proceed to trial or sentencing on any pending state charges. Upon receiving such a demand, the district attorney "shall promptly inquire of" the head of the relevant federal prison as to "whether and when" the defendant can be released for trial or sentencing. (§ 1381.5.) If federal authorities agree to release the defendant, the district attorney "shall bring him to trial or sentencing within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial or sentencing at such specified time." (*Ibid.*) If a defendant is not brought to trial within the required timeline, "the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action." (*Ibid.*)

Section 1381 contains similar requirements for individuals confined in state custody. " '[C]ase law construing section 1381 is persuasive authority for interpreting section 1381.5.' " (*People v. Garcia* (1985) 171 Cal.App.3d 1187, 1191; see *People v. Wagner* (2009) 45 Cal.4th 1039, 1051, fn. 6.)

Because the prosecution's failure to comply with section 1381.5 results in "the drastic sanction" of dismissal, defendants must strictly comply with its requirements. (*People v. Gutierrez* (1994) 30 Cal.App.4th 105, 111 [discussing § 1381].) A claim based on section 1381.5 is cognizable on appeal notwithstanding a defendant's nolo contendere plea. (*Gutierrez,* at p. 108 [discussing § 1381].)

B

Defendant argues his conviction in case No. 18FE018008 for possession of a controlled substance while armed should be reversed because the prosecution failed to comply with section 1381.5. The parties dispute whether defendant properly made a demand to be brought to trial as required by the statute. They also disagree on whether the prosecution adequately discharged its duties to procure defendant's presence for trial.

In addition, it is unclear from the limited record before us whether or how defendant pursued a motion to dismiss under the statute or if the trial court ever ruled on such a motion.

We need not address any of these issues. Even if defendant complied with section 1381.5 and the prosecution did not, defendant has not demonstrated that he suffered prejudice as a result. Defendant's sole argument on appeal is that prejudice is presumed. But that principle applies only to statutory speedy trial violations that occur before trial. (*People v. Martinez* (2000) 22 Cal.4th 750, 769.) After conviction, a defendant must affirmatively demonstrate prejudice to obtain relief. (*Ibid.*; *People v. Rogers* (1988) 201 Cal.App.3d 286, 291-292.) Defendant makes no attempt to establish prejudice, even in response to the People's argument that he failed to make the necessary showing. We do not discern any prejudice on this record.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.