[Crim. No. 162. Fourth Appellate District.—March 16, 1934.]

THE PEOPLE, Respondent, v. ART G. YOUNG, Appellant.

James M. Thuesen for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged by an information filed by the district attorney of Kings County with the crime of burglary and also a prior conviction of a felony.

He entered a plea of guilty to the charge of a prior conviction, and not guilty to the charge of burglary. The jury returned a verdict of guilty and judgment was pronounced upon him. This appeal is taken from the judgment and from the order denying his motion for new trial.

Appellant urges two grounds for a reversal of the judgment. (1) That the trial court erred in denying his motion for a continuance, and (2) misconduct of the district attorney in his argument to the jury.

The only portion of the record bearing upon a request for a continuance is contained in the clerk's transcript where a copy of the minutes of the trial court is set forth and the following appears: "The following persons having been called as jurors were sworn to answer questions relative to their qualifications for serving as jurors: (Naming them.) At this time Attorney Thuesen moves for a continuance of the trial on account of sickness of one of his witnesses. The motion was denied and the court grants permission to have witness' testimony given at a former trial, read into the evidence." This record does not contain anything upon which we could base the conclusion that error was committed by the trial court in denying this motion for continuance nor that the appellant suffered any prejudice by reason of the denial of his motion. We cannot presume that the order denying the continuance was prejudicially erroneous or that good cause for making the order was not shown in the trial court. Every presumption is in favor of the regularity of the proceedings had in the superior court. It is incumbent upon the appellant to produce a record on appeal showing prejudicial error during the trial, if such actually occurred. If he fails to do so the presumption of the regularity of the proceedings and the lack of prejudicial error must prevail on appeal. (*People* v. *Douglass,* 100 Cal. 1 [34 Pac. 490]; *People* v. *Bray,* 42 Cal. App, 465 [183 Pac. 712].)

During his argument to the jury the district attorney made statements concerning an alibi defense of appellant, which statements were not justified by the record, and which appellant's counsel assigned as misconduct. The district attorney immediately withdrew his statements, but appellant failed to request the trial court to instruct the jury to disregard them. Under this state of the record the

alleged misconduct of the district attorney can furnish no ground for reversal. (*People* v. *Edwards,* 79 Cal. App. 514 [249 Pac. 1090]; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92].)

Judgment and order are affirmed.

Barnard, P. J., and Jennings, J., concurred.