Filed 11/22/24  P. v. Riel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099455 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF86-07881-01, 86-7881) |
| v. | |
| CHARLES DELL RIEL, | |
| Defendant and Appellant. | |

SUMMARY OF THE APPEAL

Defendant Charles Dell Riel appeals the trial court's rulings (1) denying his request for appointment of counsel for a resentencing hearing under Penal Code section 1172.75 (statutory section citations that follow are found in the Penal Code unless otherwise stated); and (2) denying his motion to reconsider his request for appointed counsel.

1

Based on the trial court record in this matter, we find the trial court lacked jurisdiction to resentence defendant and, therefore, correctly determined defendant was not entitled to counsel for resentencing. We therefore affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

We omit a summary of the facts underlying defendant's murder conviction because they are not relevant to the issues raised in this appeal.

In 1988, a jury sentenced defendant Charles Dell Riel to death for the crime of first-degree murder. The trial court denied his section 190.4, subdivision (e), automatic application for modification of the jury's verdict of death. In the same proceeding, the trial court imposed a determinate term sentence of 17 years for the crimes of robbery and kidnapping with enhancements. The 17-year-term included two sentencing enhancements of one year each for findings that the defendant had previously been imprisoned on two prior felony convictions as contemplated by former section 667.5, subdivision (b) (prison prior enhancements). The trial court stayed the determinate term sentence under section 654.

In 2000, our Supreme Court struck one of the two prison prior enhancements, but otherwise affirmed the judgment. (*People v. Riel* (2000) 22 Cal.4th 1153, 1172.)

Effective in 2020, the Legislature limited the circumstances under which a prison prior enhancement could be assessed. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) Effective in 2022, the Legislature enacted a statute that allowed for resentencing in certain pre-January 2020 cases in which "prison prior" enhancements were imposed. (Former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022; *People v. Superior Court* (*Williams*) (2024) 102 Cal.App.5th1242, 1249, review granted Aug. 28, 2024, S286128.) The operative statute, section 1172.75, sets forth a resentencing procedure that allows prisoners who are

2

currently serving terms for judgments that include prison prior enhancements based on prior offenses that were not sexually violent to be resentenced by the trial court.

The process begins with the Secretary of the Department of Corrections and Rehabilitation (Department) (or county correctional administrator) identifying the affected prisoners to the sentencing court that imposed the prisoners' enhancements. (§ 1172.75, subd. (b).)  If the sentencing court verifies that a prisoner's current judgment includes an enhancement imposed under section 667.5, subdivision (b), it must recall the sentence and resentence the defendant.  (§ 1172.75, subd. (c).)  Section 1172.75, subdivision (d), sets requirements for the resentencing process once the trial court has verified a defendant's eligibility.  Section 1172.75, subdivision (d)(5), requires that the court appoint counsel.

At attorney Robert Bacon's earlier request, we have taken judicial notice of a list dated June 16, 2022, labeled with "California Department of Corrections and Rehabilitation" and bearing the title "Inmates with a Penal Code Section 667.5(b) prior to 01JAN2020 . . . Case Enhancement on an Active Case For Shasta County" (the List). Defendant's name appears on the List.

Even so, on our own motion, we ordered the trial court to augment the record with a copy of the List.  The trial court responded with a declaration from the Shasta County clerk's office in which the clerk declared, "I have reviewed the . . . file in order to prepare the record on appeal and . . . to the best of my knowledge, the documentation requested . . . does not exist as a part of this court's file."

In June 2023, defendant, through counsel Robert Bacon, filed a motion to strike the special circumstances finding on his murder conviction, or to modify the judgment on the murder conviction and sentencing (modification motion).  Defendant maintained that he was before the court for resentencing under section 1172.75.  Defendant also filed a motion for the appointment of Bacon as his counsel for his section 1172.75 resentencing.

The trial court issued its ruling on the motions in July 2023. In making its ruling, the court came to three conclusions. First, it found that the Department had not yet initiated recall of defendant's sentence by referring defendant's case to the court. Second, it concluded defendant's sentence did not have an eligible enhancement because the court had stayed that enhancement in 1988, deciding that because of the stay, the sentencing enhancement was never imposed as contemplated by section 1172.75. Third, the court said it did not believe that it was the intent of the Legislature with the passage of section 1172.75 to reopen long-standing death penalty sentences for reconsideration.

Having reached these conclusions, the court denied the motion for appointment of counsel without prejudice absent receipt of the necessary referral from the Department. The trial court stated it would take no action on the modification motion because the motion was premature without a section 1172.75 referral from the Department.

Defendant then filed a motion for reconsideration of his request to have Bacon appointed as his counsel. The trial court denied the motion for reconsideration. In making its ruling, the trial court stated, "the fact that a spreadsheet identifies a 667.5[, subdivision ](b) related to Mr. Riel does not constitute merit to an action for the striking of an enhancement that was not imposed, and by extension, merit to a collateral attack on Mr. Riel's sentence imposed by the sentencing Judge after 190.4 review and by jury verdict."

Defendant filed this appeal, which he has framed as an appeal of the trial court's denial of his motion for the appointment of counsel and motion for reconsideration.

DISCUSSION

I

*Standard of Review*

The issues in this appeal involve the proper interpretation of section 1172.75, and whether the events that trigger its application occurred.

4

" 'The proper interpretation of a statute is a question of law we review de novo.' (*People v. Lewis* (2021) 11 Cal.5th 952, 961 [].) 'The court's role in construing a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] . . . ' (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [].) 'We must look to the statute's words and give them their usual and ordinary meaning.' (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 [].) 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' (*Snook*, at p. 1215.)" (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 672, review granted Aug. 14, 2024, S285853 (*Mayberry*).)

II

*Trial Court Jurisdiction to Resentence Defendant*

"Courts have long recognized the general common law rule that 'a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant.' " (*People v. King* (2022) 77 Cal.App.5th 629, 636, review denied (July 27, 2022) (*King*).) There are exceptions to the rule. (*Id.* at p. 637.) For example, section 1172.1, subdivision (a) "gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials." (*King*, at p. 637 [citing former § 1170.03]; see also Stats. 2022, ch. 58, § 9, eff. June 30, 2022 [renumbering former § 1170.03 to § 1172.1]) "The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. . . . If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. . . . And a trial court may of course rule on a defendant's challenge to an unlawful

5

sentence in a properly filed petition for a writ of habeas corpus." (*King*, at p. 637.) Consequently, "a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*Id.* at p. 640.)

Section 1172.75 does provide an avenue through which trial courts can gain jurisdiction to resentence incarcerated persons with prison prior enhancements. However, it "does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. (See § 1172.75, subd. (a).)" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332, review denied (Jan. 31, 2024).)

Specifically, under the plain language of section 1172.75, the Department was required to "identify those persons in their custody currently serving a term for a judgment that includes" a prison prior enhancement imposed before January 1, 2020, and to, "*provide* the name of each person, along with the person's date of birth and the relevant case number or docket number, *to the sentencing court* that imposed the enhancement." (§ 1172.75, subd. (b), italics added.) Then, "*[u]pon receiving the information*" from the Department, a court must, "review the judgment and verify that the current judgment includes" an eligible prison prior enhancement. (§ 1172.75, subd. (c), italics added.) "If the court determines that the current judgment includes," a prison prior enhancement based on a non-sexually violent offense, then it must, "recall the sentence and resentence the defendant." (*Ibid.*) Critically, the chain of events that leads to trial court review and verification, recall, and resentencing begins with the Department providing a list to the trial court and the trial court receiving the list.

Here, we ordered the trial court to augment the record with a copy of the List, and it responded it does not exist in the trial court's file. On this record, we cannot find the trial court erred when it said, "the condition precedent to the motion for resentencing has

6

not occurred," because there is no record that the trial court *received* the List. (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"]; *People v. Young* (1934) 137 Cal.App. 404, 405 ["It is incumbent upon the appellant to produce a record on appeal showing prejudicial error during the trial, if such actually occurred. If he fails to do so the presumption of the regularity of the proceedings and the lack of prejudicial error must prevail on appeal"].)

Given we cannot find the trial court erred when it found the condition precedent that would have given it authority to reconsider defendant's sentence was absent, we cannot find the trial court erred when it denied defendant the appointment of counsel for resentencing. Defendant's argument that he is entitled to the appointment of counsel is premised on his position that he is entitled to resentencing or entitled to, at least, the trial court's review of whether he is eligible for resentencing. But nothing in this record suggests the trial court had jurisdiction to engage in that review.

DISPOSITION

The trial court's rulings are affirmed.

_____

HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

FEINBERG, J.

7